MARGARET GOTTSCHALK V. GUS. G. BECHER.

[FILED SEPTEMBER 15, 1891.]

1. **Municipal Corporations:** ANNEXING TERRITORY: TAXATION: STATUTES. Secs. 95 and 99 of chap. 14, Comp. Stats. 1891, are not, *in pari materia*, to be construed as exempting from taxation for pre-existing debts, adjacent territory annexed by municipal corporations under sec. 99.

2 ———: ———: APPEAL. The annexation of adjacent territory under sec. 99 is a judicial proceeding in which the land-owner is entitled to all the rights of contravention and of appeal.

ERROR to the district court for Platte county. Tried below before POST, J.

*S. S. McAllister*, for plaintiff in error, cited: *Rexford v. Knight*, 15 Barb. [N. Y.], 627; *M. & O. R. Co. v. Malone*, 46 Ala., 391; *People v. Nevada*, 6 Cal., 143; *Galesburg v. Hawkinson*, 75 Ill., 152.

*J. M. Gondring*, and *Sullivan & Reeder, contra*, cited: *Columbus v. Ins. Co.*, 25 Neb., 83; *Wahoo v. Dickinson*, 23 Id., 426.

COBB, CH. J.

In June, 1890, the plaintiff in error commenced her action against the treasurer of said county, praying for a

perpetual injunction against the collection of certain taxes, and setting up that she is the owner of certain real estate, beginning at a point 728 feet north of the southwest corner of the northeast quarter of section 19, township 17 north, range 1 east, of the sixth P. M., in said county, running thence east 568 feet, thence south 364 feet, thence east on a line parallel with the south line of the northeast quarter of said section 19, to a point directly north of the northeast corner of lot No. 3, in block No. 40, in the orignal plat of the town of Columbus, thence south to the south line of the northwest quarter of section 20, in said township and range.

2. Plaintiff alleges that by a decree of this court, duly made and entered on the 15th day of August, 1888, said tract of land was annexed to the city of Columbus as a part thereof.

3. Plaintiff alleges that said city of Columbus, after said land was annexed thereto, without the consent and against the wish of this said plaintiff, platted and laid said land out into lots and blocks, with streets and alleys, as shown by the county records of said Platte county, in a book kept in the county clerk's office of said county known as the "Plat Book," said plat being found at page 51 of said book, a copy of which page and plat is hereto attached, marked "Exhibit A," and made a part of this petition. That by reason of the platting and surveying of said land by said city, as aforesaid, it appears upon the books of said defendant as lots and blocks, and is assessed as such, whereas, in truth and in fact, said land has never been laid out into lots and blocks or platted by this plaintiff, and should not so appear upon the tax records or books of said defendant.

4. Plaintiff alleges that a portion of said tract of land, and all thereof that belongs to said plaintiff, is mentioned and described on said plat as blocks 5, 6, 7, and 8, and the west half of blocks 9 and 11, and that said land contained

in said blocks is assessed on the tax books and records of said defendant at the total amount of $160.22 for the year 1889, which said amount said defendant claims and alleges to be a lien and incumbrance on said land as lots and blocks, as provided by the revenue laws of Nebraska.

5. Plaintiff alleges that the total amount of the tax levied on said land for all purposes for 1889 is equal to six cents and one-half mill on each dollar in valuation; that a large amount of said tax is illegal and void as follows, to-wit:

Long prior to the annexation of said land to said city, said city voted and granted certain bonds to the O., N. & B. H. Ry. Co., for the payment of which said bonds and the interest thereon, said blocks are assessed and taxed at the sum of two and one-half mills on each dollar of valuation.

That long prior to the annexation of said land to said city, said city voted and granted bonds to construct water-works within the then limits of said city, and that a tax of seven mills on each dollar in valuation is levied and assessed on said blocks to pay said water bonds and the interest thereon.

That long prior to the annexation of said land to said city, said city voted and issued certain bonds to aid in the construction of certain bridges known as the Loup and Platte river bridges; that there is a tax of eight mills on each dollar in valuation assessed and levied on said blocks to pay said bridge bonds and the interest thereon. That said tax of seventeen and one-half mills levied on said land as aforesaid, is levied and assessed wholly without authority of law, and is no lien or incumbrance on said land.

6. Plaintiff alleges that by reason of the division of said land into lots and blocks as aforesaid, it has been taxed and assessed beyond its real value in proportion to the assessment and taxation of other property similarly situated.

7. Plaintiff alleges that said defendant now threatens and proposes to collect said taxes, and that said taxes and all of them appear to be a cloud and a lien on said land in the office and on the records of said defendant, whereas in truth and in fact said tax of seventeen and one-half mills is no lien on said land.

8. Plaintiff alleges that she is now able and willing to pay all just taxes taxable on or to said land so soon as the amount thereof is ascertained and declared by this court. Said plaintiff therefore prays that this court may ascertain and declare the true amount of taxes due on said land, to the end that it may be adjusted and paid. That said land may be assessed at its true taxable value as acre property. That said tax of seventeen and one-half mills aforesaid may be declared to be illegal and void, and the collection thereof prohibited and restrained forever, and for such other and further relief as may be just and equitable.

### SECOND COUNT.

Said plaintiff for a second and further cause of action refers to the facts stated and set forth in her first count of this petition, and makes them a part of her second count or cause of action, so far as they are material or applicable thereto.

She alleges that the surveying and platting of said land and laying it out into lots and blocks, streets and alleys, was wholly without her consent and against her will and wish.

That she has never received or been tendered any compensation for taking or appropriating her said land for streets and alleys.

That she has never dedicated any of the said land to the public, for public uses as streets or alleys.

That that portion of said land designated on said plat as blocks 5, 6, 7, and 8, and the territory contiguous thereto, designated on said plat as streets and alleys, now is, and for a long time last past has been, fenced in by this

plaintiff and used as a pasture. .That no part of the territory contiguous to said blocks 5, 6, 7, or 8, indicated on said plat as streets or alleys, has ever been used by the public as such, and it is not necessary for the public convenience, or for the convenience of any private individual, that they should be used as such.

She alleges that the surveying and platting and pretended laying out of said land into lots and blocks, streets and alleys, by said city was and is wholly void and without authority of law; that a pretended sale of said land by lots or blocks, to pay or satisfy said pretended tax, would convey no title to the purchaser, but would cast a cloud on the title of this plaintiff to her said lands.

She therefore asks and prays that a sale of said land, or any part thereof, may be forever prohibited and restrained for the pretended purpose of paying said tax, on the ground and for the reason that said pretended sale would cast a cloud on the title of this plaintiff; that the purchaser would acquire no valid title, and that said pretended surveying, platting, and laying out of said land into lots and blocks, streets and alleys, by said city is wholly void and without authority of law.

On August 6, 1890, the defendant demurred to the petition because the facts stated in either count did not constitute a cause of action.

On the 8th of August following, the court upon hearing sustained the demurrer, to which the plaintiff excepted, and electing to stand on her petition without further plea, the action was dismissed at plaintiff's costs.

The error presented is that the demurrer ought to have been overruled.

The plaintiff in error claims that her land is not taxable "for any indebtedness of the city, existing prior to the date of the completion of such annexation." This language for that purpose, being the *proviso* to section 95 of chapter 14, for the voluntary annexation of adjacent terri-

44

tory to cities of the second class and villages of the population of Columbus, it is claimed by counsel to be applicable to the involuntary and forcible annexations provided for under the succeeding section 99. Under this section, by the corporate authorities of the city, and under the legal process and judicial forms provided, her land was annexed. There is no provision of taxation for the existing and antecedent debts of the city; nor is there any exemption.

The court below sustained the demurrer on the ground that the annexed ground not being exempt by law, as in that of voluntary annexation, it was subject to taxation, and that an injunction would not lie against an officer charged with its collection, and that no relief could be found in a bill exhibited against the ministerial officer; that if the legislature had intended to exclude the land forcibly annexed from any part of the existing burdens of taxation, it would have so provided, as in the previous section.

Counsel argues that this conclusion of the court below is inconsistent with the rules of statutory construction, and is repugnant to equity. That the intent, not expressed, is doubtful, and will be construed the most convenient and *equitable*; that property forced into the city limits without the consent of the owner should be taxed for antecedent debts, while that voluntarily annexed should escape this taxation is inconsistent and *inequitable;* that these two sections, *in pari materia*, are to be construed together, as if but one section, explanatory of each other, where the intent of the legislature is obscure or the words of the act are doubtful. Counsel holds that by the proviso of section 95 the legislature intended to establish a rule for the taxation of all property annexed to a city; and that it is inequitable, illogical, and unreasonable that it should apply only to property voluntarily brought into corporate limits, unless it is inevitable from an overwhelm-

ing weight of judicial authority holding to that construc-
tion of the act.    Counsel admits the general rule to be,
where there is no statute to the contrary, that property
annexed to a city becomes liable for all taxes, just the same
as the original corporation; that it was to change this rule
that the proviso was added to sec. 95, and that this addi-
tion created a general rule, as no motive seems apparent
for taxing one and not the other, if the tax were reversed;
omitting the tax on property forced into the corporation,
it might be assumed that property voluntarily annexed was
not exempt.

It is further argued that the provisions of section 99,
forcing property within the corporate limits of a city or
village, are unconstitutional in the process of taking pri-
vate property for public use without compensation, and
without due process of law; as the property is used for
pastoral purposes only, and is taxed about three cents on
the dollar valuation, what compensation has the plaintiff
then for the privilege of being taxed by the corporation?
And what has she for the confiscation of one-third of it,
under section 113 of the same chapter, for the public use
as streets and alleys?    The land for the year 1889 was
assessed as lots and blocks, and, in default of the taxes
being paid, will be advertised and sold as such, casting a
cloud upon the plaintiff's title, but conveying none to the
purchaser.    If an assessment of the land as lots and blocks
is void, the assessment is void, and the court should re-
strain the defendant from further steps towards the collec-
tion of it.

We differ from all the conclusions of the counsel's in-
genious and plausible argument.    We do not think that
the question of the validity of the law under which the
plaintiff's land was brought within the city limits, and
under the jurisdiction of the corporate authorities, subject
to the uniform process of taxation of like property for the
equal payment of all existing indebtedness of the city, is
now open for consideration.

The plaintiff alleges "that by a decree of the district court duly made and entered on August 15, 1888, her land was annexed to the city of Columbus as a part thereof." In that proceeding she was required to be summoned to answer as a respondent. She had then the same rights to be pleaded, to be defended, and to be considered as any party has to a judicial proceeding. If the decree of the court was not considered to be to the material benefit of her property, or if justice and equity did not require the annexation of it, she had the privilege of appealing from the decree to this court.

Under that decree it was competent, from the provisions of section 113 of chap. 14, to subdivide the annexed property into lots and blocks, with corresponding streets and alleys, upon her failure to subdivide and plat her property as required by section 104 of the act. The assessment for taxes complained of would properly follow, but for that grievance her remedy was found in the provisions of section 148, authorizing the city council to equalize and adjust the assessment of her taxes.

In considering the argument that the proviso of section 95 enacted a rule as to the taxation of all property annexed to municipal corporations of that class, and that the succeeding section was to be governed by it as acts *in pari materia*, we are satisfied that the legal maxim made use of has no application to the proposition. It is not in our office to amend the section, nor to improvise a more convenient construction of its meaning than its words import. The plain understanding of both sections has been that the law-makers granted the exemption in the one case and withheld it in the other. It is admitted by counsel that taxation is the rule of law as to all property, and exemption is the statutory exception, but it is claimed that these sections *in pari materia*, relating to the same subject and one object—the annexation of adjacent territory to cities of the second class and villages—are to be construed to-

gether, and that the proviso of one is the provision of the other. We shall hold, however, that the sections are not *in pari materia*, but are distant and irrelevant to each other. That one is a provision for the intervention of the land owner, and the other for his contravention and contention against the annexation of his property. Acts conferring distinct rights upon different individuals, which are separate statutes and separate parts of a system, are not to be interpreted together as *in pari materia*.

Between the two sections, 95 and 99, of chapter 14 there is a substantial difference to be observed. Territory annexed voluntarily under the first section, may be so situated that it would be against equity to compel it to share prior burdens. The policy of the statute encourages annexation and municipal accretion and wealth. Territory can only be annexed in the second instance when the court shall find that it "would receive material benefit," or "that justice and equity require it." Before this annexation, by the decree of the district court, the court must have found the statutory condition required, and must have found from evidence that the territory was materially benefited by the system of water-works, the bridges, and the railroad constructed by the aid of municipal bonds, for the redemption of which the plaintiff complains that her land is taxed. We find no relief, under this bill, from this complaint. It is a constitutional provision of this state that "All municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same." (Art. 9, sec. 6.)

The questions presented are not new to the court. In the case of *The City of Wahoo v. Dickinson et al.*, 23 Neb., 426, the city council, by a two-thirds vote, resolved to annex certain adjacent territory, and petitioned the district court, exhibiting a plat of the ground, stating the requirements

of the statute. (Sec. 99, chap. 14.)    Objection being made
that the power conferred was legislative and not judicial,
it was held that as a condition of such annexation the court
was required to find the allegations of the petition to be
true; that such territory, or a part thereof, would receive
material benefits from its annexation, and to decree accord-
ingly; that the questions are so far of a judicial character
that the courts may be invested with jurisdiction to deter-
mine them.

Prior to that decision the South Platte Land Company
had brought its action against the county of Buffalo to en-
join the collection of taxes on land annexed to the town of
Kearney, in contravention of the plaintiff, on the ground
that the territory annexed had not been platted at the time
of the incorporation of the town.    It was held that the
action could not be maintained. (15 Neb., 605.)

In the case of *McClay and McMurtry v. The City of
Lincoln*, at the present term, *ante*, p. 412, the same opinion
was expressed under like conditions.    The same rule has
been held in New York and Michigan, cited in the last
reference, and in Ohio "that such annexation might be or-
dered without the consent and against the remonstrance of
a majority of the residents on the annexed territory which
was liable to municipal taxation on account of pre-existing
city debts." (*Blanchard v. Bissell*, 11 O. St., 96.)

We have no doubt that the county treasurer's demurrer
in this case was well taken.    The judgment of the district
court is

AFFIRMED.


THE other judges concur.