## VILLAGE OF OSMOND V. JAMES R. SMATHERS.

### FILED SEPTEMBER 18, 1901.   No. 10,051.

62  509
p62  512

1. **Petitioner for Detachment of Lands from City or Village Must Be Legal Voter.** Section 101, article 1, chapter 14, Compiled Statutes, relating to the detachment of territory from a city or village by petition, is available only to legal voters of the territory sought to be disconnected.

2. **Owners of Included Agricultural Lands May Maintain Action.** The owner of agricultural lands included within the boundaries of a city or village, although not a voter therein, may maintain a suit to have such lands detached from the municipality.

ERROR from the district court for Pierce county. Heard below before ROBINSON, J. *Affirmed*

*C. B. Willey,* for plaintiff in error.

*Berryman & Stewart, contra.*

NORVAL, C. J.

On the petition of James R. Smathers, the district court for Pierce county entered a decree detaching certain real estate of plaintiff from the village of Osmond. The latter has brought the record here for review.

Plaintiff grounds his right to bring this suit and for relief under the provisions of section 101, article 1, chapter 14, Compiled Statutes, which provides: "Whenever a majority of the legal voters of any territory within any city or village, and being upon the border, and within the boundary thereof, shall petition the district court of the county in which such city or village is situated, praying to be disconnected therefrom, such petition shall be filed with the clerk of the court at least ten days prior to the first day of the term at which it is proposed to be heard, and like proceedings shall be had thereon as is required in section ninety-nine, as amended in this act, for the annexation of territory to cities and villages, so far as the same are applicable," etc.

Counsel for the city insists, *inter alia:* First, that said section applies alone to cities and villages containing more than 1,000 and less than 25,000 inhabitants, and has no application to a municipal corporation of the population of Osmond, which has 400 inhabitants. Second, said section 101 is unconstitutional for the reason, it is claimed, it attempts to confer legislative powers upon the district court. Third, said section 101 is available alone to legal voters of the territory sought to be detached. The last contention only is it deemed necessary to consider at this time. It will be observed that section 101, article 1, chapter 14, Compiled Statutes, quoted above, authorizes a majority of the legal voters of any territory within the corporate limits of a city or village to petition the district court for the disconnection of such territory from such city or village, and that the section makes no provision for any one else filing such a petition. Therefore the right to petition for the detachment of territory is conferred by this section upon the majority of the legal voters of the territory to be disconnected. *State v. Dimond,* 44 Nebr., 154. The plaintiff, James R. Smathers, has not brought himself within the provisions of said section 101, since it is not alleged that he is a legal voter of the territory sought to be detached from the village of Osmond. It is merely averred in the petition that Smathers is the owner in fee, resides upon and is in the exclusive possession of the real estate in question. All this may be true and yet plaintiff be not a legal voter, which is an essential prerequisite to the right to petition for the detachment of territory under the provisions of said section 101. However, it does not necessarily follow from what has been said that plaintiff's suit must fail him. Said section 101 is not a limitation upon the right to institute proceedings to have territory taken out of the corporate limits of a city or village. That section merely conferred the right to a petition for the detachment of territory upon a majority of the legal voters within the boundaries thereof, and it would seem that such voters need not necessarily be owners of real estate. It

was not the intention of the legislature in passing said section, nor could it lawfully do so, to take away the right of the owner of real estate included in the boundaries of a city or village, to invoke the powers of the court to determine whether such real estate is properly included within the corporate limits of such municipality. This principle was held and applied in *State v. Dimond, supra.* Plaintiff, being the exclusive owner and in possession of the tract of land in question, had a right to bring this suit. The record before us shows that when the village of Osmond was incorporated it contained a population of about 150 and included in its boundaries 2,240 acres of land, the larger portion thereof being used and adapted to agricultural purposes only, and at the present time the village contains only about 400 inhabitants and 1,100 acres of land, only a very small portion of the real estate having been platted or laid out into lots and blocks. Plaintiff's land lies about one-fourth of a mile distant from the platted portion of the village, and is cut off therefrom·by a creek. No part of his real estate has ever been platted or laid out into lots, outlots or any other subdivision, is rural in character, is used solely for purposes of agriculture, is low and unsuitable for any kind of village purposes. It is included within the corporate limits of said village exclusively for the purpose of enabling the corporate authorities to levy and collect municipal taxes thereon. It is unjust and inequitable to include said lands within the boundaries of the village.

One other argument advanced by the village will be noticed. That is, that the plaintiff is estopped from having his land detached because he signed the petition for the incorporation of the village. A sufficient answer to this is that he was not the owner of the land when the petition was signed and the village was incorporated.

The decree is

AFFIRMED.

SULLIVAN, J., absent, not voting.