ELLA GREGORY ET AL., APPELLEES, V. VILLAGE OF FRANKLIN, APPELLANT.

FILED JUNE 20, 1906. No. 14,403.

Cities: DETACHING TERRITORY: REVIEW. A judgment of the district court in a proceeding under the statute, section 101, art. I, ch. 14, Comp. St. 1903, to detach territory from a municipal corporation, will not be impeached upon appeal in the absence of a showing that the trial judge committed an important mistake of fact, or made an erroneous inference of fact or of law. *Michaelson v. Village of Tilden*, 72 Neb. 744, followed and approved.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Affirmed.*

*H. Whitmore*, for appellant.

*Albert R. Peck* and *H. W. Short*, contra.

OLDHAM, C.

On the 23d day of January, 1905, the plaintiffs in the court below filed their petition under the provisions of section 101, art. I, ch. 14, Comp. St. 1903, asking that their respective pieces of land, therein described, be detached from the village of Franklin, in Franklin county, Nebraska, alleging as reasons therefor that "the said lands and all of the same are used for agricultural and farming purposes only and are not benefited by such incorporation in any manner; that they nor any of said described tracts are used for village purposes; that they are not properly subject to being included in said corporate limits of said village of Franklin, and your petitioners and applicants are a majority of the legal voters, and the only owners and occupants of any and all of said tracts of land; and, further, your petitioners and applicants allege the facts to be that said tracts, nor any of them, have ever been surveyed or platted into blocks or lots for town or village purposes; but that, while not legally subject to such, the said tracts,

and each and every of them, have been listed and assessed with village taxes for each and every year since the incorporation of said village of Franklin." The village, for answer to this petition, alleged that it was duly incorporated in July, 1883; that all the pieces of land described in plaintiff's petition were included within the legal limits of said village at the time of its incorporation; that the village has ever since that time exercised corporate powers over such lands; and that at the time of the incorporation of said village its population was only 290, but that its population had increased until it now contained more than 900 inhabitants; that none of the plaintiffs, except the Franklin County Agricultural Society, owned any of the land described in their petition at the time of the incorporation of the village, but that each and all of them severally became owners of said land a long time afterwards with full knowledge that the same were included within the corporate limits of the village. It further alleged that the land owned by the agricultural society has never been assessed for village purposes; that the land of plaintiff Gettle contains 40 acres, and has a residence and a flouring mill thereon, and immediately joins the platted part of the village; and that the land of plaintiff Rose contains 40 acres, and corners with the platted part of the village, and has located thereon a residence and also a park, which is used for public assemblages, camp meetings, dances, etc.; and that the remainder of the lands are used for agricultural purposes. The answer further alleged that all the land described in the petition is suburban in character and is adaptable to being cut up into residence lots containing a few acres, but admits that none of the land has been platted and that, except as above stated, it is used for agricultural purposes. There was a reply to this answer in which all the facts pleaded, except the adaptability of the land for suburban residences, were admitted. Plaintiffs thereupon filed a motion for judgment on the pleadings. According to the record, the court took the case under advisement until the succeeding term, when he

entered judgment as prayed for in plaintiffs' petition. There is no bill of exceptions containing any evidence offered in the proceeding, and, as there was no issue of fact, except as to the adaptability of the land for suburban residences if surveyed in small tracts, it is probable, although the judgment does not so recite, that the case was determined on the pleadings alone.

Section 101, *supra*, is a provision for disconnecting territory from cities and villages, which is rather administrative than judicial in its nature. It makes a provision by which a majority of the legal voters residing on any territory within and adjacent to the corporate limits of any city or village, if they desire to have the same disconnected therefrom, may file their petition in the district court of the county in which the city or village is situated, praying to have such territory disconnected, and that on the filing of such petition a notice shall be served on the village within ten days, and if on the receipt of the notice the village or city, by a majority vote of all members elected to the common council or board of trustees, consent that such territory be disconnected, the court then shall enter a decree disconnecting the territory, without cost to the village. It further provides that, if the village desires to contest the severance of the territory, it shall file its answer within 30 days after service of a copy of the petition, and that issue shall thereupon be joined and the cause shall be tried by the court as a suit in equity. The act also provides for a review of the judgment of the district court either on appeal or by error proceedings. In construing proceedings under this section of the statute, we held, in the recent case of *Michaelson v. Village of Tilden,* 72 Neb. 744:

"A judgment of the district court in a proceeding under the statute, section 101, art. I, ch. 14, Comp. St. 1903, to detach territory from a municipal corporation, will not be impeached upon appeal in the absence of a showing that the trial judge committed an important mistake of fact, or made an erroneous inference of fact or of law,"

There is certainly nothing before us in this record that shows either a mistake of law or fact by the trial judge. The right to have unplatted farm lands disconnected from the corporate limits of cities and villages has been asserted by this court in actions entirely independent of this section of the statute. See *Village of Osmond v. Smathers,* 62 Neb. 509, and *State v. Dimond,* 44 Neb. 154. The answer of the village does not allege that the village was in debt at the time the application for severance was made, or that public money had been expended in grading and improving the streets and sidewalks of the village along the lands owned by the plaintiffs, nor was there any allegation that improvement bonds of any nature had been voted upon the city by the acquiesence of the owners of the property sought to be relieved from corporate taxation. In fact, there is nothing in the answer of the village which interposes an equitable objection to the prayer of the petition.

We are therefore of opinion that the judgment of the district court should be affirmed, which we accordingly recommend.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.