ANNA BARBER, APPELLEE, V. VILLAGE OF FRANKLIN, APPELLANT.

FILED JUNE 20, 1906. No. 14,402.

Cities: DETACHING TERRITORY. The fact that the owner of unplatted land, used exclusively for agricultural purposes for some years, tacitly submitted to its inclusion in the incorporated limits of a town does not estop him from proceeding under the statute to have it disconnected therefrom.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Affirmed.*

*H. Whitmore,* for appellant.

*Flansburg & Williams, contra.*

DUFFIE, C.

Anna Barber, in her petition, states that she is the owner of fractional lots 4, 5, 6 & 7 of section 6, township 1, range 14 west of the sixth P. M.; that said premises are used entirely for agricultural purposes, and are now, and for several years last past have been, alfalfa meadow; that these several tracts are included in the corporate limits of the village of Franklin, but are not in anywise benefited by said incorporation and should not properly be included in

the limits of the village; that they are not used for village purposes, and have never been platted or subdivided as village lots, blocks or tracts. She asks that they may be detached from the village of Franklin and disconnected therefrom. The village filed answer, alleging that it was incorporated in July, 1883, and that the tracts described in plaintiff's petition were included within its corporate limits, and that since that date the village has exercised corporate powers and functions over said land; that plaintiff was a resident of the village at the time of its incorporation, knew that her lands were incorporated and knew that her lands were included in the corporation. It is further alleged that the lands are mostly smooth, level lands and adjoin the platted part of the village, except that a railroad right of way lies between about one-half of plaintiff's lands and the platted part of the village; admits that the land described in the petition is yet unoccupied as residence land, is unplatted and being used for agricultural purposes. The case was submitted to the court upon the petition and answer, and judgment entered as prayed in plaintiff's petition. The village of Franklin asks us to review the judgment upon petition in error.

It is insisted that, having tacitly submitted to the inclusion of these lands within the incorporation, plaintiff cannot at this time object that they were improperly included or ask that such lands be now disconnected from the village. *McClay v. City of Lincoln,* 32 Neb. 412, and *South Platte Land Co. v. Buffalo County,* 15 Neb. 605, are authorities in support of the contention that, where one tacitly consents that his land may be included within an incorporated town and takes no action to disaffirm for some years thereafter, he has no standing in court to ask that the lands be disconnected. We do not think that these cases go to the extent claimed. In each of these cases an injunction was sought against the imposition of municipal taxes upon lands included within the corporate limits, upon the ground that they were agricultural lands and were improperly included in the corporation. If we understand

the opinions, it is held merely that the court, on an application for an injunction against a collection of municipal taxes, will not examine the validity of the corporation or the right to include within the corporate limits lands claimed to have been improperly included. This would be attacking the validity of the corporation in a collateral proceeding, and is not allowable. The plaintiff below is proceeding under our statute to have her lands disconnected. This is a right conferred by statute and, while the case is triable as a suit in equity, no equitable defense has been interposed to the relief which she is asking. It is not shown that any indebtedness has been incurred and is still outstanding against the village upon the strength of these lands being subject to taxation to bear its proportion of that expense. It is not alleged that the lands have been in anywise benefited by being included in the corporation or that corporate improvements have been extended over them. The fact that the party has submitted for some years to municipal taxation from which she was in nowise benefited is not an argument in favor of longer imposing upon her the burden of municipal taxes.

We think the district court was right in disconnecting her lands and relieving them from the burden of municipal taxation, and recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.