FRANK C. MARSH ET AL., APPELLEES, V. VILLAGE OF TRENTON, APPELLANT.

FILED SEPTEMBER 28, 1912.  No. 16,663.

1. **Municipal Corporations:** DETACHING TERRITORY: REVIEW. Upon an appeal from the judgment of the district court under section 8978, Ann. St. 1907, to detach territory from a village, the judgment of the district court will be affirmed, unless it is made to appear that the trial judge committed an important mistake of fact or made an erroneous inference of fact or of law. *Bisenius v. City of Randolph*, 82 Neb. 520; *Gregory v. Village of Franklin*, 77 Neb. 62; *Michaelson v. Village of Tilden*, 72 Neb. 744.

2. **Evidence** examined and found to sustain the judgment of the district court.

APPEAL from the district court for Hitchcock county: ROBERT C. ORR, JUDGE.  *Affirmed.*

*W. S. Morlan,* for appellant.

*C. E. Eldred* and *J. W. Cole, contra.*

HAMER, J.

The appellees, Frank C. Marsh, John C. Stalter, George Hirschfield and five other persons, filed their petition in the office of the clerk of the district court for Hitchcock county, seeking to have certain territory therein described detached from the village of Trenton in said county. In addition to the allegations that they are legal voters, except as to a part, and the exclusive owners and in possession of said territory, they say in their petition (*a*) that when the village was incorporated large tracts of wild, grazing and purely agricultural lands "in all directions from and outside of the platted lots, blocks, streets and alleys of said village," including the lands and territory sought to be detached, were incorporated in said village; (*b*) that the lands and territory sought to be detached are purely agricultural, and are used by the owners "for farming, grazing and stock-raising, and as rural residences, and no part is laid out into village blocks, or lots, and there are no streets, alleys or thoroughfares except the public highway "on the section line dividing section 2, township 2, range 33, from section 35, township 3, range 33," and which road was laid out by the county commissioners and extends many miles east; and (*c*) that the case was submitted on the petition of the plaintiffs, Frank C. Marsh, John C. Stalter, George Hirschfield, John H. Brown, Ralph S. Otis, Nannie Marsh and Mattie Stalter, the amended answer of the defendant, the village of Trenton, and the reply, and the evidence; and that the court found in favor of the said plaintiffs named (the name of the plaintiff Thornhill being omitted from the list) and the territory disconnected by the judgment of the district court includes only the tracts indicated on plat "exhibit A" as the Hirschfield, Stalter, Marsh and Brown tracts,

leaving the Thornhill tract, including what had been a part of Wayne street and an unplatted tract west of it, between the Brown tract and the village, and also leaving between the Hirschfield tract and the village three small unplatted tracts and the park and a part of that territory formerly platted as "Wayne street of the village of Trenton," all the land east of the village and between the Brown tract and the Hirschfield tract being left out of the judgment detaching the territory, and Wayne street seems to have been vacated after the proceedings were begun, and therefore an uncertain quantity of land, approximating 40 acres more or less, has been left unplatted between the village and the land sought to be retained in the village, and the east line of sections 35 and 2 are now the east boundary line of the corporate limits of the village of Trenton; (d) that the territory sought to be detached is no part of the village, does not conduce to the welfare of the village or its citizens, except that its retention in the village would enable the raising of more revenue, but that the assessment, levy and collection thereof would be unjust and inequitable. The plat filed with the petition shows the relative size of the several tracts sought to be detached. The amended answer admits the incorporation of the village, and that the plaintiffs respectively reside on and own the lands described in their petition, also alleges the lien of $6,000 in bonds upon all lands included in the village. The reply is a general denial. The land detached by the judgment of the court is as follows: Nannie Marsh's land, 5 acres; John H. Brown's land, 8.75 acres; Mattie Stalter's land, 300 feet by 634 feet; George Hirschfield's land, 300 feet by 300 feet. The land in question is shown by the plat attached to the record.

It is urged in the appellant's brief that these parties carry on business in the village or perform their official duties at the court-house in Trenton as county officers; that they and their families get their mail at the village post office; that they trade at the village stores, and send their children to the village school, and use the village

streets, and enjoy the convenience of having their purchases delivered by the merchants, and that they partake equally of all the benefits and advantages of village organization and government, along with the other inhabitants of the place. It is also said that the tracts are used chiefly as residences, but that they have small orchards, gardens and alfalfa patches, and keep domestic animals in the way of horses, hogs and cows. The judgment of the district court granted the petition of the plaintiffs, except as to the plaintiff Thornhill whose name is dropped from the proceedings.

It is contended by the appellant, the village, (1) that the petition does not state facts sufficient to constitute a cause of action; (2) that the finding and decree of the court is not sustained by sufficient evidence, and that the testimony introduced by the applicants clearly establishes the fact that the village could "reach out and connect the territory," and for that reason that the district court should not have granted the petition. It is urged that the petitioners "should not be allowed to secede over the objections of their fellow villagers." Section 8978, Ann. St. 1909, provides, among other things: "If the court find in favor of the petitioners, and that justice and equity require that such territory, or any part thereof, be disconnected from such city or village, it shall enter a decree accordingly." The case of the *Village of Hartington v. Luge*, 33 Neb. 623, is cited in support of the appellant's contention that the land might be annexed to the village, and therefore that it should not be disconnected. In the opinion in that case it is said: "It will be seen that to justify the annexation of territory it must appear that such territory, or some part, would receive material benefit from the annexation, or that justice and equity require such annexation. Unless one of these conditions exist, there is no authority in a village board or the district court to annex territory;" but, in the opinion it is said: "If this action could be sustained upon the facts pleaded and prayed, then a village might annex a whole township or county, as such

annexation could be placed upon the same grounds as it is sought to predicate this action upon. This cannot be permitted." It may be a little difficult to determine exactly what "justice and equity" require in this sort of case. In *City of Wahoo v. Dickinson,* 23 Neb. 426, it was held that the court had power, in a proceeding instituted for the annexation of territory to a municipality, to consider and determine whether that real estate would receive material benefits, and also whether justice and equity required such annexation.

In *Bisenius v. City of Randolph,* 82 Neb. 520, it is said by Mr. Justice Root, speaking for this court: "In *State v. Dimond,* 44 Neb. 154, * * * we adopted from the opinion of Mr. Justice Mitchell in *State v. Village of Minnetonka,* 57 Minn. 526, a definition of the conditions essential to vest county commissioners with power to incorporate territory within a municipality; that is, such lands must 'have some unity of interest with the platted portion, in the maintenance of a village government.'" Mr. Justice Post is quoted as saying in the opinion in *State v. Dimond, supra,* "that the rule applied is not only reasonable, but safe and logical." This court has said, in the third paragraph of the syllabus in *Bisenius v. City of Randolph, supra:* "Upon an appeal in an action under said statute (sec. 8978), the judgment of the district court will be affirmed, unless it is made to appear that the trial judge committed an important mistake of fact or made an erroneous inference of fact or of law." It would seem that the foregoing rule disposes of this case. In that case Judge Root, in the body of the opinion, says: "Plaintiff's realty forms two compact tracts of farm land aggregating over 200 acres, separated only by a road; that not only is this land not platted, but there intervenes between it and the platted portion of defendant unplatted real estate used for pasturage." In the instant case there is an unplatted tract between the village and the land sought to be detached; also the land detached is not cut up into lots and blocks and streets and alleys. Judge

Root in the case cited further says: "None of the munici-
pal improvements extend to plaintiff's said property, and
he devotes said real estate to farming purposes exclu-
sively." All that is said in the case cited touching the
failure of municipal improvements to extend to the plain-
tiff's property applies to the instant case. In the case
cited it was alleged and proved that the village was ready
to furnish the plaintiff with electric lights. Notwithstand-
ing that fact, this court, through Judge Root, say: "Not-
withstanding this evidence, we are of opinion that the land
under consideration does not have a unity of interest with
the platted part of said city in the maintenance of mu-
nicipal government, and that the district court ruled cor-
rectly in so finding. We are bound by those findings, un-
less it appears that the trial judge committed an important
mistake of fact or an erroneous inference of fact or of
law, and that he has not done." The opinion cites *Michael-
son v. Village of Tilden*, 72 Neb. 744, and *Gregory v. Vil-
lage of Franklin*, 77 Neb. 62. The authorities cited sustain
the position taken.

In *Michaelson v. Village of Tilden*, this court held that
a judgment of the district court in a proceeding under the
statute to detach territory from a municipal corporation
would not be impeached upon appeal, in the absence of a
showing that the trial judge committed an important mis-
take of fact, or made an erroneous inference of fact or of
law. The foregoing is substantially the syllabus adopted
in that case. The case seems to be on a parallel with the
instant case. The action was a proceeding by the owners
in severalty of contiguous tracts of land to procure their
detachment from the village of Tilden. Commissioner
Ames wrote, in the body of the opinion: "In the absence
of evidence of any specific fact or circumstances tending
to impeach the justice of the decree, we do not see how we
can intelligibly revise it." He says that the trial judge
was probably personally familiar with the land and with
the village and with the situation and surroundings, and
that his judgment may have been influenced "by evidence

of the most weighty character. * * * If the record disclosed anything from which it might be contended that the judge committed an important mistake of fact, or had made an erroneous inference of fact or of law, the case would be other than it now is, and might call for a review, and a reversal or affirmation of his findings." The learned commissioner concludes: "We do not see how his determination can be impeached for want of equity, in the absence of apparent error in some of the respects named."

In *Gregory v. Village of Franklin*, 77 Neb. 62, it was held: "A judgment of the district court in a proceeding under the statute, * * * to detach territory from a municipal corporation, will not be impeached upon appeal, in the absence of a showing that the trial judge committed an important mistake of fact or made an erroneous inference of fact or of law." The former case of *Michaelson v. Village of Tilden*, 72 Neb. 744, was followed and approved. In that case the village contended that at the time of its incorporation it had a population of 290, and that its population had increased until the village contained 900 inhabitants; that the plaintiffs became severally owners of said land a long time after the incorporation, with full knowledge that the land was included within the corporate limits of the village. It was admitted that the land was used for agricultural purposes, but alleged that it was adapted to being cut up into residence lots. Commissioner OLDHAM, in writing the opinion of this court in the case last cited, emphasizes the holding of the court in *Michaelson v. Village of Tilden*, 72 Neb. 744, to the effect that a judgment in a proceeding under the statute "to detach territory from a municipal corporation will not be impeached upon appeal, in the absence of a showing that the trial judge committed an important mistake of fact or made an erroneous inference of fact or of law." He says: "There is certainly nothing before us in this record that shows either a mistake of law or fact by the trial judge. The right to have unplatted farm lands disconnected from the corporate limits of cities and villages has been asserted

by this court in actions entirely independent of this section of the statute." He concludes with the statement that "there is nothing in the answer of the village which interposes an equitable objection to the prayer of the petition." The judgment of the district court was affirmed.

In *Village of Wakefield v. Utecht*, 90 Neb. 252, section 8977, Ann. St. 1909, was construed and was "held broad enough to permit a village located upon the border of one county, in a proper case, to annex contiguous territory situated in an adjacent county," but it was held that the burden of proof "in an action to annex additional territory to a village * * * is upon the village to establish by sufficient averments and evidence that the territory sought to be annexed will be benefited by the annexation, or that justice and equity require that such territory be annexed." It was held that the evidence was insufficient to sustain the decree which annexed certain territory to the village of Wakefield.

In *Winkler v. City of Hastings*, 85 Neb. 212, it was held: "Where legislative power to detach territory from a city has been delegated by statute to the mayor and council, an appeal from the action of that body in refusing to disconnect particular tracts cannot be made the means of transferring such power to the district court." In that case the court cited the *City of Hastings v. Hansen*, 44 Neb. 704, where it was held that "the power to create municipal corporations and the power to enlarge or restrict their boundaries are legislative powers; and it has been doubted if the legislature can pass a valid act giving courts jurisdiction to disconnect by decree any part of the territory of a municipal corporation of the state merely at the suit of the owner thereof." Judge ROSE, in delivering the opinion of this court in *Winkler v. City of Hastings*, said that the form in which the act amending section 4 of the charter in that case was passed conferred upon the mayor and council authority to detach territory by ordinance, and that the same was legislative; that, "in attempting to confer the same power upon the district court by direct appeal

from the action of the mayor and council if they refuse to pass an ordinance detaching territory on demand of a landowner, the legislature did not observe the following provisions of the constitution: * * * Const., art. II, sec. 1. This section of the constitution prohibits the judicial department from exercising any power properly belonging to the legislative department, and the effort to confer upon the district court legislative authority to sever agricultural and horticultural lands from the city of Hastings in the manner described invalidates the amendment to section 4 of the Hastings charter." In the opinion he distinguishes between the principle involved in the instant case and the *City of Hastings v. Hansen* and *Winkler v. City of Hastings, supra.* Section 1, art. III, ch. 13, Comp. St. 1901, provides that cities having more than 5,000 and less than 25,000 inhabitants shall be governed by the provisions of this act and be known as cities of the first class. Section 4 provides that the corporate limits of such city shall remain as heretofore, and the mayor and council may by ordinance include therein all the territory contiguous or adjacent which has been subdivided into parcels containing not more than five acres, and in the same way may compel the owners of lands so brought within the corporate limits to lay out streets, ways and alleys, and may vacate any public road to secure regularity in the system. Section 5 provides that land shall be deemed contiguous to such city though a stream, embankment or strip of land not more than 200 feet in width lies between said land and the corporate limits of the city. Section 6 authorizes the proprietor of land within the corporate limits, or continguous to the same, to lay out and plat into lots and blocks and streets and alleys, and to acknowledge the instrument before an officer, and to dedicate the streets and alleys to the use of the public, and to file and record the instrument in the office of the register of deeds, when it shall have the effect of a deed in fee simple conveying the same from the proprietor to the city. Power is given the city, through its mayor and council, by ordinance

to vacate any plat or addition as the city may deem for its best interests, the power to be exercised upon the petition of the owner. It was this power directly conferred by statute upon cities of the first class, to which Hastings belongs, that gives such cities` exclusive jurisdiction to detach territory and to vacate platted parts of the city. This authority does not belong to towns and villages.

Under the rule laid down in *Bisenius v. City of Randolph, supra,* and the decisions of this court upon which the opinion in that case is based, the judgment of the district court was properly exercised, and there appears to be no reason for setting aside its judgment. As announced in *Bisenius v. City of Randolph, Michaelson v. Village of Tilden,* and *Gregory v. Village of Franklin, supra,* a judgment in a proceeding under the statute "to detach territory from a municipal corporation will not be impeached upon appeal, in the absence of a showing that the trial judge committed an important mistake of fact or made an erroneous inference of fact or of law." There is no such showing, and the judgment of the district court seems to be fully warranted.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J.

I concur only with result affirming the judgment of the district court.

ROSE, J., dissents.