EDWARD MACGOWAN ET AL., APPELLEES, V. VILLAGE OF GIBBON, APPELLANT.

FILED DECEMBER 24, 1913. No. 17,514.

1. **Limitation of Actions:** MUNICIPAL CORPORATIONS: DETACHING TERRITORY. The statutory right of the owners of unoccupied territory within a village to petition for its detachment, "whenever" the owners of such unoccupied territory "shall desire to have the same disconnected," is one to which the statute of limitations, as such, does not apply. Comp. St. 1911, ch. 14, art. I, sec. 101.

2. **Municipal Corporations:** DETACHING TERRITORY: ESTOPPEL. By signing a petition for an election to vote municipal bonds, the owner of unoccupied territory in a village does not estop himself to assert his statutory right to have such territory disconnected from the village.

3. **Appeal:** AFFIRMANCE. In a statutory proceeding to disconnect unoccupied territory from a village, the judgment of the district court will be affirmed, "unless it is made to appear that the trial judge committed an important mistake of fact or made an erroneous inference of fact or of law." *Bisenius v. City of Randolph*, 82 Neb. 520.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Thomas F. Hamer*, for appellant.

*W. D. Oldham* and *H. M. Sinclair, contra.*

ROSE, J.

This is a proceeding to detach agricultural lands of plaintiffs from the village of Gibbon under the statutory provision that owners of unoccupied territory within and adjacent to the corporate limits of any city or village may file in the district court a petition for detachment of such territory. Comp. St. 1911, ch. 14, art. I, sec. 101. The relief sought by plaintiffs is resisted on three grounds: (1) The proceeding is barred by the statute of limitations. (2) A former owner of part of the territory in question signed a petition for an election to vote municipal bonds, and

thereby estopped the present owner, plaintiff Rodgers, from claiming the right to have her lands detached from the village. (3) On the merits of the case plaintiffs are not entitled to relief. Upon a trial of the issues the district court found that justice and equity required the detachment of the territory in controversy and granted the prayer of the petition. Defendant has appealed.

1. The territory disconnected had been within the corporate limits of the village since 1885. Is defendant entitled to a dismissal on the ground that the proceeding is barred by the statute of limitations? The power to change lawfully established boundaries of a municipality and to define the terms on which territory may be detached therefrom is legislative. *City of Wahoo v. Dickinson,* 23 Neb. 426; *State v. Dimond,* 44 Neb. 154; *City of Hastings v. Hansen,* 44 Neb. 704; *Winkler v. City of Hastings,* 85 Neb. 212. In the present case the statutory condition under which plaintiffs or petitioners are entitled to relief is that justice and equity require the detachment of their agricultural lands from the village of Gibbon. Comp. St. 1911, ch. 14, art. I, sec. 101. When this condition was found to exist, the district court had no alternative, and the statute, in effect, changed the boundaries of the village and declared the severance of the lands of petitioners. It has been held that the district court may inquire into the facts and make such a finding, when the evidence shows the existence of the statutory condition. *City of Wahoo v. Dickinson,* 23 Neb. 426; *Village of Hartington v. Luge,* 33 Neb. 623; *Bisenius v. City of Randolph,* 82 Neb. 520. The right of the owners of unoccupied territory within a village to assert such a condition is not limited by the village charter to any particular time. On the face of the statute the right continues. Under the specific terms of the village charter, the right to petition for redress may be asserted "whenever" the owners of such unoccupied territory "shall desire to have the same disconnected." Comp. St. 1911, ch. 14, art. I, sec. 101. For these reasons, the statute of limitations, as such, does not apply.

2. Should plaintiff Rodgers be denied relief on the ground of estoppel, because a former owner of her land petitioned for an election to vote municipal bonds? In *Barber v. Village of Franklin,* 77 Neb. 91, it is said: "The fact that the party has submitted for some years to municipal taxation from which she was in nowise benefited is not an argument in favor of longer imposing upon her the burden of municipal taxes." Since the voluntary payment of municipal taxes does not prevent the assertion of the right to a severance of agricultural lands, the signing of a petition to vote bonds to be paid by means of taxation should not operate as an estoppel.

3. On the merits of the case the finding of the trial court is clearly right. In any event the rulings below should be sustained under the following rule applicable to this proceeding: "The judgment of the district court will be affirmed, unless it is made to appear that the trial judge committed an important mistake of fact or made an erroneous inference of fact or of law." *Bisenius v. City of Randolph,* 82 Neb. 520.

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.