ROBERT C. JOERGER ET AL., APPELLEES, V. BETHANY HEIGHTS, APPELLANT.

FILED FEBRUARY 12, 1915.        No. 18,015.

1. **Municipal Corporations: UNPLATTED LAND: RIGHT TO DETACH: ESTOPPEL.** The fact that unplatted land used exclusively for agricultural purposes was included in the incorporated limits of a village with the tacit permission of a former owner does not estop his grantee from proceeding under section 5090, Rev. St. 1913, to have it disconnected therefrom.

2. **Appeal: AFFIRMANCE.** A judgment of the district court in such proceeding will not be reversed, in the absence of a showing that the trial judge committed an important mistake of fact, or made an erroneous inference of law. *Gregory v. Village of Franklin,* 77 Neb. 62.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*J. B. Strode* and *G. E. Hager,* for appellant.

*George A. Adams* and *Morning & Ledwith, contra.*

BARNES, J.

Robert C. Joerger and five other persons commenced separate actions in the district court for Lancaster county against the village of Bethany Heights, under the provi-

sions of section 5090, Rev. St. 1913, to disconnect their lands from said village. Issues were joined and by agreement all of the actions were consolidated and were tried as one case. The district court found for all of the plaintiffs, except B. L. Paine, and rendered judgments in their favor. The defendant has appealed from the judgments rendered in favor of Therza Henderson and Samuel B. Tanner, and contends that the judgments from which its appeals have been prosecuted are not sustained by the evidence and are contrary to law.

The bill of exceptions discloses that Bethany Heights, the seat of Cotner University, is a village situated in Lancaster county about five miles north and east of the city of Lincoln, and has a population of 1,200, including about 300 students attending the university. The village was incorporated in 1890, and there was included in the corporate limits much unplatted farm land, of which the premises of the appellees are a part. The principal street or highway, passes through the village from north to south, and is called Saunders avenue. Holdrege street, which is practically the south boundary of the settled part of the village, runs east and west. Vine street also runs east and west, and is a half mile south of Holdrege street. The village is connected with the city of Lincoln by two lines of street railway, one owned by the Interurban Railway Company, and the other by the Lincoln Traction Company. The land belonging to the appellee Tanner is situated wholly south of Vine street, and the premises of the appellee Henderson are situated directly west of the land owned by Tanner. None of this land has ever been subdivided into lots and blocks, either by the present owners or their grantors, but is all farm land used for the purpose of raising wheat, oats, corn, alfalfa and other farm products. The appellee Tanner has a house and other improvements on his 80-acre tract, while there are no improvements in the way of buildings on the Henderson tract. None of the sidewalks are extended from the settled part of the village to either the Henderson or the Tanner tract. No village improvements, such as water-works, electric

lights, or other village conveniences, are situated on or near either of these tracts of land. The line of the Missouri Pacific Railway Company runs east from the city of Lincoln through the lands in question, but there is no permanent depot or other improvements situated thereon, except a sort of flag station, or what is called a box car station, where freight which is consigned to the village is sometimes unloaded. The lands are not urban in character, but are farm lands, and are not in any way connected with the village.

The appellant cites, in support of its contention, *State v. Village of College View,* 88 Neb. 232, and argues that this case is decisive of the right of the appellant to retain the land in question within its corporate limits. The facts in that case, however, are different from those in the case at bar. In that case it was said: "A line of the Chicago, Burlington & Quincy Railway Company's railway runs through the southern part of the village about a mile distant from the post office, and the relator's tract of land, which contains about 43 acres, lies immediately north of the railway company's right of way. A sidewalk extends along the east side of the highway immediately east of the relator's land, northward through the business part of the village, and street lights are maintained to within 40 rods of his premises. The land abutting the east side of this highway is subdivided into tracts of from one to five acres each."

An examination of the plat contained in the bill of exceptions in this case shows, when taken in connection with the oral evidence, that all the land lying south of Ash Grove street, or avenue, although shown to be platted in blocks or lots by the exhibit, with the exception of one square of four blocks, is used as farm lands and always has been. The appellees show beyond question that none of their land has ever been platted and no plat thereof has ever been recorded; that their farms are in no way connected with the village, but are, and always have been, used as agricultural lands; that the village is attempting to prevent them from disconnecting their farms therefrom,

as was said in *Village of Osmond v. Smathers,* 62 Neb. 509, for the sole purpose of retaining them for taxation.

It is contended by the appellant that the appellees are estopped to disconnect their land from the village because they have paid village taxes for many years, since the village was incorporated without protest. Where the owner of unplatted land has used it exclusively for agricultural purposes for some years, but has tacitly submitted to its inclusion in the incorporated limits of a town, he is not estopped from proceeding under the statute to have it disconnected therefrom. *Barber v. Village of Franklin,* 77 Neb. 91; *Gregory v. Village of Franklin,* 77 Neb. 62; *Village of Osmond v. Smathers, supra.*

As we view the evidence, it cannot be said that the district court committed an important mistake of fact; neither was that court guilty of an erroneous inference of law. The judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.