GEORGE KEIM ET AL., APPELLANTS, V. VILLAGE OF BLOOMINGTON, APPELLEE.

FILED MARCH 21, 1930. No. 26916.

*J. G. Thompson,* for appellants.
*George Losey, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ., and THOMSEN, District Judge.

THOMSEN, District Judge.
This action is brought under section 4263, Comp. St. 1922, to detach farm land of the plaintiff from the Village of Bloomington. By detachment, the record shows, plaintiff would save about $18 a year, the amount of village tax he is now required to pay. A similar action was brought by a former owner of the land during 1919, which action terminated on March 25, 1920, by a decree in favor of the village. On the trial of the present case the court found that the action brought by the former owner is an adjudication of the present action; that no new facts entitling plaintiff to a decree were presented; and therefore denied the request of plaintiff.

Examination of the pleadings and findings in the two suits shows the facts to be substantially· identical, with the exception, however, that in the present action the defendant pleads, additionally, the former adjudication, and the plaintiff replies that conditions have changed in that, first, the county seat has since been moved from Bloomington to

Franklin (October 26, 1920); and, second, that land adjacent to and north of the plaintiff's land and nearer the village and other land has been detached; so in our inquiry we should concern ourselves *only* with whether in the *proof* these latter facts constitute sufficient ground that justice and equity require detachment.

However, such facts alone *without other evidence* are not enough to warrant a finding that such a material change has been proved as to make the former adjudication ineffective.

The details of how the removal of the county seat has affected the community, if at all, are entirely lacking in evidence. Perhaps two stores less exist in the village at present than in 1920; but the comparative size of those remaining is not shown. The decrease in population, if any, the decrease in number of occupied houses, and the decrease in, and diversion of, trade generally, would all be persuasive matters of inquiry were they present. On that score, therefore, it must be assumed that no change, other than those normally to be expected since the period of depression and common to all towns, has taken place. Certainly it cannot be assumed *without some proof* that the land asked to be detached may not be used for village purposes.

What effect, if any, the detachment of the property immediately adjacent to and north of the plaintiff's property or the detachment of other land could have on the right of the plaintiff to have also his land detached is not clearly shown, except that, it is inferentially argued, the continuity of village control is broken; that property must be contiguous in order to enable the village to lawfully entertain jurisdiction over it. *Bisenius v. City of Randolph,* 82 Neb. 520; *City of Denver v. Coulehan,* 20 Colo. 471, 27 L. R. A. 751; *Vestal v. City of Little Rock,* 54 Ark. 321, 11 L. R. A. 778; *State v. Village of Gilbert,* 107 Minn. 364. The record is not entirely clear whether land immediately adjacent to the plaintiff's land on the east and north thereof is village property. However, the record seems to indicate that the

trial judge, by consent of both parties, inspected the property and, it must be presumed, found it to be contiguous to other village property. The trial judge found that since the former adjudication conditions had not changed; and it is entirely probable that his inspection disclosed facts not in the record and upon which he may have largely based his conclusions. *Chapin v. Village of College View,* 88 Neb. 229.

The evidence shows that a sidewalk runs from the village to the depot past and near to the plaintiff's land; that though the plaintiff's land is located almost a mile from the heart of the village, and about one-fourth mile from the main body of platted property, it receives some village benefit. At least the plaintiff uses the village electricity for lighting purposes. In respect to these considerations no change since 1920 has taken place.

One of the defenses claimed in the action in 1920, and again pleaded in the present action, which the defendant says would make it inequitable to detach the plaintiff's land, is that the right-of-way of the Burlington railroad adjoins and crosses part of the present tract; that on such right-of-way are a depot, elevators, stock yards, coal bins and oil tanks, all on property within the village and subject to taxation and from which the village realizes revenue. It was and is evidently feared that by the detachment of the plaintiff's land the railroad would benefit and the village might lose the revenue derived from taxing the railroad property. On this score the record does not show that conditions have changed since the former adjudication.

The evidence establishes that the land is practically all used for agricultural purposes and that the benefits to the plaintiff by union with the village are but slight. It may seem that on these and other general considerations existing today, as in 1920, the plaintiff should have been entitled to have his land detached. These general merits, however, were adversely adjudicated in the hearing in 1920, and by that adjudication the plaintiff is as much bound as his predecessors in title. *Sorensen v. Sorensen,* 68 Neb. 490; *State v. Broatch,* 68 Neb. 687; *Herpolsheimer v. Acme*

*Harvester Co.,* 83 Neb. 53; *Triska v. Miller,* 86 Neb. 503; 15 R. C. L. 1008, 1028.

In any event, we have held that to entitle the plaintiff to a reversal, in a case of this character, the record must show that the trial court made an important mistake of law or fact. *Michaelson v. Village of Tilden,* 72 Neb. 744; *Gregory v. Village of Franklin,* 77 Neb. 62; *Bisenius v. City of Randolph,* 82 Neb. 520; *Chapin v. Village of College View,* 88 Neb. 229; *MacGowan v. Village of Gibbon,* 94 Neb. 772. The record does not show that such a mistake has been made.

This decision should not, however, deter the village board from consenting to detachment when it becomes apparent that in equity and good conscience conditions require such consent.

In view of the foregoing, the judgment of the district court is

AFFIRMED.