DWIGHT L. HUSTEAD, APPELLEE, V. VILLAGE OF PHILLIPS ET AL., APPELLANTS.

FILED JUNE 19, 1936.   No. 29650.

*William H. Wright, Attorney General, Milton C. Murphy* and *Craft, Edgerton & Fraizer,* for appellants.

*Charles F. Adams, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and FITZGERALD, District Judge.

EBERLY, J.

Dwight L. Hustead instituted this action seeking to have 28.14 acres of unoccupied, agricultural land, theretofore embraced in the corporate limits of the village of Phillips, detached therefrom. By his amended petition, filed under the provisions of section 17-412, Comp. St. 1929, he set forth the strictly agricultural character of the land involved; alleged that it received no benefits from the village or from the utilities operated by it; that an excessive municipal tax was imposed upon it; and that justice and equity required that this territory be disconnected from the village.

To this pleading, the village of Phillips filed an answer setting forth, specifically, allegations pertaining to the land involved which, in effect, traversed the allegations of the amended petition, and, in addition, set forth that to grant the same would necessarily impose an additional tax burden upon the taxpayers of the village, and further charged that, by reason of the laches of plaintiff and his predecessors in title, he was estopped from claiming the right to have his land set out of said village. No constitutional questions are presented by the answer of the village.

Twenty-five taxpayers of the village of Phillips intervened, setting forth that the total assessed valuation of all the real estate of the village was $69,710; that the assessed valuation of the land sought to be detached is

$2,025; that there were outstanding $8,000 of unpaid water bonds theretofore issued by said village; that if said real estate of plaintiff were detached, on account of said unpaid indebtedness, each of the remaining taxpayers of said village would be compelled to pay more than his just share of said bonds, principal and interest, and will thereby be deprived "of the equal protection of the law and will take their property without due process of law, all contrary to the Constitution of the state of Nebraska, and the Constitution of the United States."

The state of Nebraska, by a petition in intervention, sets forth the due issuance, by the village of Phillips, of $8,000 in water bonds, now owned by the state of Nebraska; further alleges that to permit the real estate involved in this action to be detached from said village and exempted from the payment of its proportionate share of the principal and interest of said bonds will impair the obligation of said bonds, and will impair and deprive the state of Nebraska of the security pledged by the terms thereof, and will deprive the state of its property without due process of law, and will deprive the state of the equal protection of the laws, all contrary to, and in violation of, the Constitution of the United States and the Constitution of this state. In addition, the state of Nebraska challenges the validity of section 17-412, Comp. St. 1929, on the ground that it attempts to confer on the judiciary the power to tax.

To the answer of the village and the petitions of intervention, plaintiff presented his reply and answers.

Upon trial, the district court found generally for plaintiff; found that justice and equity require that the lands in suit be disconnected from the village of Phillips; found against the interveners and denied their respective prayers for relief; and entered decree as prayed in plaintiff's petition. From this decree the defendant village and the interveners appeal.

As to the general issues involved in this case, it may be said that, in the absence of specific constitutional limita-

tions, the power of the legislature to change the boundaries of municipal corporations, and to apportion the municipal debts upon such change of boundaries, is absolute. When the act or statute authorizing a change of boundaries is silent as to apportionment of municipal debts, the territory embraced within the new boundaries becomes liable for all prior debts, and the territory excluded from the new boundaries is forever released from all municipal debts. McQuillan, Municipal Corporations (2d ed.) sec. 311. See, also, *Bisenius v. City of Randolph,* 82 Neb. 520, 118 N. W. 127; *Gottschalk v. Becher,* 32 Neb. 653, 49 N. W. 715.

A decree of the district court finding that justice and equity require detachment of farm land from the boundaries of a municipal corporation will not be set aside unless it is clearly shown that the trial court made an important mistake of fact, or made an erroneous inference of fact or of law. *Gregory v. Village of Franklin,* 77 Neb. 62, 108 N. W. 147; *Joerger v. Bethany Heights,* 97 Neb. 675, 151 N. W. 236; *MacGowan v. Village of Gibbon,* 94 Neb. 772, 144 N. W. 808; *Marsh v. Village of Trenton,* 92 Neb. 63, 137 N. W. 981; *Chapin v. Village of College View,* 88 Neb. 229, 129 N. W. 297; *Bisenius v. City of Randolph,* 82 Neb. 520, 118 N. W. 127; *Michaelson v. Village of Tilden,* 72 Neb. 744, 101 N. W. 1026; *Keim v. Village of Bloomington,* 119 Neb. 474, 229 N. W. 769.

So too, the fact that unplatted land used exclusively for agricultural purposes was included in the incorporated limits of a village, with tacit permission of former owner, does not estop his grantee or successor in title from proceeding under section 17-412, Comp. St. 1929, to have it disconnected therefrom. *Joerger v. Bethany Heights,* 97 Neb. 675, 151 N. W. 236; *Barber v. Village of Franklin,* 77 Neb. 91, 108 N. W. 146; *Village of Osmond v. Smathers,* 62 Neb. 509, 87 N. W. 310.

Further, a municipality may not annex, or retain within its boundaries, strictly farm land for revenue purposes only. *Witham v. City of Lincoln,* 125 Neb. 366, 250 N. W. 247; *Joerger v. Bethany Heights,* 97 Neb. 675, 151 N. W. 236;

*Village of Osmond v. Smathers,* 62 Neb. 509, 87 N. W. 310.

So far as the issues between the plaintiff and the village of Phillips are concerned, we are committed to the view: "In proceedings under section 8978 aforesaid (Comp. St. 1929, sec. 17-412), it is not a defense that the defendant is indebted upon its bonds or otherwise." *Bisenius v. City of Randolph,* 82 Neb. 520, 118 N. W. 127.

As to the constitutional questions raised by the state and by the taxpayers of the village, the reasoning of Carter, J., in *Hardin v. Pavlat,* 130 Neb. 829, 266 N. W. 637, is applicable and controlling as applied to the record before us. We, therefore, reannounce and reapprove the following principles set forth therein:

"Any person dealing with such a corporation (a village) does so with the knowledge that its territory may be enlarged or diminished in the manner prescribed by the law in existence at the time.

"A bondholder or other creditor of such a corporation has no vested right on that account to have the territorial boundaries thereof remain constant so long as the corporation continues to exist with a substantial part of its original territory unimpaired.

"Where a bondholder became a creditor of a village at a time when section 17-412, Comp. St. 1929, was in force, the disconnecting of lands from the village under the provisions of that statute is not an impairment of the bondholder's contract, within the purview of section 16, art. 1 of the Nebraska Constitution, or section 10, art. 1 of the Constitution of the United States."

It follows that the disposition of this case as made by the district court was, in all respects, correct, and it is

AFFIRMED.