PETER MICHAELSON ET AL., APPELLANTS, V. VILLAGE OF TILDEN, APPELLEE.

FILED DECEMBER 7, 1904.    No. 13,667.

Cities: DETACHING TERRITORY: REVIEW. A judgment of the district court in a proceeding under the statute, section 101, article I, chapter 14, Compiled Statutes, 1903, to detach territory from a municipal corporation, will not be impeached upon appeal in the absence of a showing that the trial judge committed an important mistake of fact, or made an erroneous inference of fact or of law.

APPEAL from the district court for Madison county: JOHN F. BOYD, JUDGE. *Affirmed.*

*Mapes & Hazen,* for appellants.

*F. L. Putney,* contra.

AMES, C.

This record is of so unusual an aspect that it presents neither an issue of fact nor a dispute of law. The action is a proceeding by owners in severalty of contiguous tracts

of land to procure their detachment from the village of
Tilden.   The petition was granted as to several of the
tracts, but, with respect to two of them lying immediately
adjacent to one of the more settled regions of the village,
it was denied, and the owners of these tracts have brought
the case to this court by appeal.   There was no testimony
offered on the trial except that of one of the appellants,
and no evidence, other than public records, except a plat
or sketch of the site of the village attached as an exhibit
to the bill of exceptions, and showing the relative posi-
tions of some of the neighboring buildings, streets and
tracts of land.   The statute provides, section 101, article
I, chapter 14, Compiled Statutes, 1903 (Annotated Stat-
utes, 8776) :   "If the court find in favor of the petition-
ers, and that justice and equity require that such terri-
tory, or any part thereof, be disconnected from such city
or village, it shall enter a decree accordingly," which
either party may have reviewed in this court by appeal or
proceedings in error.   In the absence of evidence of any
specific fact or circumstances tending to impeach the
justice of the decree, we do not see how we can intelligibly
revise it.   It is true that we have a general description in
the testimony, and by the exhibit, of the land involved in
the dispute, and of the adjacent tracts within the village,
but these afford us far less accurate and comprehensive
knowledge of the situation and surroundings than were,
presumably, possessed by the trial judge, who is not un-
likely to have been personally familiar with both, and
whose judgment may therefore have been influenced by
evidence of the most weighty character which is not re-
flected from the bill of exceptions.   If the record dis-
closed anything from which it might be contended that
the judge committed an important mistake of fact, or had
made an erroneous inference of fact or of law, the case
would be other than it now is, and might call for a re-
view, and a reversal or affirmance of his findings and
judgment; but, although the case is by permission of the
statute here on appeal, we do not see how his determina-

tion can be impeached for want of equity, in the absence of apparent error in some of the respects named.

It is recommended that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.