HOWARD A. CHAPIN ET. AL., APPELLANTS, V. VILLAGE OF COLLEGE VIEW ET AL., APPELLEES.

FILED JANUARY 9, 1911.   No. 16,261.

1. **Municipal Corporations:** PROCEEDINGS TO DISCONNECT LANDS: REVIEW. A judgment of the district court in a proceeding prosecuted under section 101, art. I, ch. 14, Comp. St. 1909, to exclude territory from the boundaries of a municipal corporation will not be set aside on appeal, unless it is made to appear that the trial court committed an important mistake of fact, or made an erroneous inference of fact or of law.

2. ———: ———: ———. And this rule applies with peculiar force where the trial judge inspected the premises before rendering judgment.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE.　*Affirmed.*

*Tibbets & Anderson,* for appellants.

*Field, Ricketts & Ricketts* and *T. J. Doyle, contra.*

ROOT, J.

This is a proceeding prosecuted under the provisions of section 101, art. I, ch. 14, Comp. St. 1909, to disconnect from the village of College View four irregular but contiguous tracts of land aggregating 27 acres. The defendants prevailed, and the plaintiffs appeal.

The history of College View, published in *State v. Village of College View,* p. 232, *post,* is referred to as part of this opinion. The plaintiffs, in 1892, purchased five acres of their present holdings, and acquired the remainder thereof in 1898. This land is not platted and is used solely for agricultural and horticultural purposes. The land immediately to the south at one time was platted as an addition to College View, but subsequently the streets and alleys were vacated and the land excluded from the village limits. The land immediately west of the plaintiffs' property was also detached from the village, and various other tracts of real estate have been separated from the village by the action of its trustees or the judgments of the court. Thirty-five acres of land immediately east of the plaintiffs' premises are used for pasturage, but this tract has been divided into smaller parcels of from one acre to five acres each, which are on the market for sale. The business center of the village is about one-half mile from the plaintiffs' property, but permanent sidewalks extend two-thirds of that distance, and are being extended year by year. The plaintiffs' principal place of business is in Lincoln, where most of their mail is received; their children attend the Lincoln public schools, and there is but little community of interest between the litigants and the

other residents of College View. On the other hand, the plaintiffs receive mail at College View and are entitled to increasing in population, and part of the growth is westward in the direction of the plaintiffs' land. The village trustees have not been generous in improving the highways adjacent and near to the plaintiffs' real estate, but the village school privileges. College View is steadily there has not been an entire failure to observe the duties cast upon them by the law in this respect. Recently a traction company constructed a line of street railway from Lincoln to within a short distance of the plaintiffs' land. Suburban homes are being constructed at intervals along the line of that railway, and, while the proof is not strong, we do not think we should say that there is an entire absence of evidence to prove some community of interest between the plaintiffs' premises and the other parts of College View.

It appears that the district judge during the trial, with the consent of the litigants, inspected the plaintiffs' property and its surroundings. Doubtless the information thereby received was a potent factor in determining the judgment subsequently rendered. From the nature of things, that evidence is not before us.

In *Shavlik v. Walla*, 86 Neb. 768, we said, in substance, that under such circumstances the court's findings were entitled to great weight. Furthermore, in proceedings like the one at bar, the judgment of the trial court should be sustained, unless it committed an important mistake of fact, or made an erroneous inference of fact or of law. *Michaelson v. Village of Tilden*, 72 Neb. 744; *Gregory v. Village of Franklin*, 77 Neb. 62; *Bisenius v. City of Randolph*, 82 Neb. 520.

We do not feel justified in saying that the district court committed any such error, and its judgment, therefore, is

AFFIRMED.

REESE, C. J., not sitting.