GEORGE SOLE, APPELLEE, v. CITY OF GENEVA, APPELLANT.

FILED OCTOBER 14, 1921. No. 21662.

1. **Pleading.** When a privilege or right is conferred by statute, on certain prescribed conditions, and a party desiring to avail himself of such privilege or right brings action for the enforcement thereof, he must allege and prove all the facts that are essential to a strict compliance with the prescribed conditions.

2. **Municipal Corporations: DETACHMENT OF TERRITORY: REMEDIES.** Section 5090, Rev. St. 1913, relating to the detachment of territory from the corporate limits of cities and villages, does not

provide an exclusive remedy for detaching territory from such cities and villages.

3. ——: ——: ——. Under the general chancery and common-law powers conferred by the Constitution, and without reference to statute, district courts are vested with jurisdiction to hear and determine whether an owner of agricultural lands included within the corporate limits of a city is entitled to have the same disconnected therefrom.

APPEAL from the district court for Fillmore county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Charles H. Sloan, F. W. Sloan* and *T. J. Keenan,* for appellant.

*John K. Waring* and *Robert B. Waring, contra.*

Heard before LETTON, DEAN and DAY, JJ., GOOD and RAPER, District Judges.

GOOD, District Judge.

This is an appeal from a decree of the district court for Fillmore county, disconnecting from the corporate limits of the city of Geneva a tract of land comprising approximately 41 acres, owned by appellee.

Appellant insists that the petition of plaintiff, appellee herein, did not state facts sufficient to entitle him to the relief demanded of, and granted by, the district court; that the decree is not supported by sufficient evidence, nor is it supported by proper findings of fact by the trial court. Appellant's contention is founded on the assumption that the action is based on section 5090, Rev. St. 1913, which is in part as follows: ·

"Whenever a majority of the legal voters residing on any territory within and adjacent to the corporate limits of any city or village, or the owner or owners of any unoccupied territory so situated, shall desire to have the same disconnected therefrom, they may file their petition in the district court of the county in which such city or village is situated, praying that such territory be detached therefrom. * * * If the court find in favor of

the petitioners, and that justice and equity require that such territory, or any part thereof, be disconnected from such city or village, it shall enter a decree accordingly."

The allegations of plaintiff's petition showed that the land was owned and occupied by him, but did not show that he was the only voter or a majority of the legal voters residing on the territory sought to be disconnected, nor did the evidence show that the plaintiff was the only legal voter or that he was a majority of the legal voters residing on the territory, and the trial court did not make the findings prescribed by the statute, viz., "That justice and equity require that such territory shall be disconnected from such city."

When a privilege or right is conferred by statute on certain prescribed conditions, and a party desires to avail himself of such privilege or right by bringing action for the enforcement thereof, he must allege and prove all the facts essential to a strict compliance with the prescribed conditions. So that if the action is founded on the statute above quoted, appellant's contention is well taken and plaintiff is not entitled to have the land disconnected. The views herein expressed find support in the following cases: *Delozier v. Village of Magnet,* 104 Neb. 765; *McCullough v. Colfax County,* 4 Neb. (Unof.) 543; 31 Cyc. 115; *Haskins v. Alcott & Horton,* 13 Ohio St. 210; *Dye v. Dye,* 11 Cal. 163; *Village of Osmond v. Smathers,* 62 Neb. 509.

But the statute above referred to does not provide an exclusive remedy for disconnecting territory from a city or village. Such relief may on proper pleading and proof be granted by the district court in the exercise of the general chancery and common law powers conferred upon it by the Constitution. This power of the district court has been exercised heretofore and approved by this court. *State v. Dimond,* 44 Neb. 154; *Village of Osmond v. Smathers,* 62 Neb. 509; *Village of Osmond v. Matteson,* 62 Neb. 512.

In *Village of Osmond v. Smathers, supra,* it is said:

"Said section 101 is not a limitation upon the right to institute proceedings to have territory taken out of the corporate limits of a city or village. That section merely conferred the right to a petition for the detachment of territory upon a majority of the legal voters within the boundaries thereof, and it would seem that such voters need not necessarily be. owners of real estate. It was not the intention of the legislature in passing said section, nor could it lawfully do so, to take away the right. of the owner of real estate included in the boundaries of a city or village to invoke the powers of the court to determine whether such real estate is properly included within the corporate limits of such municipality. This principle was held and applied in *State v. Dimond, supra.* Plaintiff, being the exclusive owner and in possession of the tract of land in question, had a right to bring this suit."

The section 101 referred to in the above quotation was the one that then provided for the disconnecting of territory from a city or village, and was quite similar to section 5090, Rev. St. 1913. It was necessary, therefore, only for the plaintiff to allege and prove that he was the owner and in possession of the tract of land, and to allege and prove such other facts as would show that it was inequitable to retain the territory within the corporate limits of the city.

Plaintiff in his petition alleged that the land in question had never been platted or divided into lots or parcels, nor had any streets or alleys ever been surveyed or located thereon, but that all of said real estate has at all times been used exclusively for agricultural purposes as one complete body of land; that the premises are situated on the extreme west boundary of said corporate limits, and that by reason of its character and location it is in no wise benefited by being so included within said corporate limits.

The evidence discloses that while the city has a system of water-works, electric lights, a sewer system, paving, sidewalks, and other improvements, none of them reach

to the premises of the plaintiff. Plaintiff's premises are entirely without the sewer district; the nearest approach of the water system to plaintiff's premises is about 600 or 700 feet and a still greater distance to the buildings upon his farm. It appears that the electric lights reach the street that runs in front or on the east side of plaintiff's farm. It further appears that the town is divided by a railroad running north and south, and that practically all the business portion of the town is on the east side of the railroad, and that of the ten or twelve blocks of paving now completed all except one-half block is on the east side, and that all of the new paving in process of construction is on the east side. It further appears that there has practically been no buildings of any consequence constructed on the west side of the track for more than ten years, and that new additions to the town and new buildings have all been upon the east side of the track. There is nothing to indicate that there is any likelihood of city growth to the west of the railroad track.

There are other details that need not be mentioned, but from a careful consideration of all the evidence it appears that plaintiff's farm derives no benefit from the city government, other than that of any other farm located adjacent or near a city or village. Under the circumstances we hold that it is inequitable that plaintiff's land should remain within the corporate limits of the city.

The judgment of the district court is right, and is

AFFIRMED.