HUMPHREY M. EDGECOMBE ET AL., APPELLEES, V. CITY
OF RULO, APPELLANT.

FILED MARCH 12, 1923.  No. 22302.

1. **Municipal Corporations:** DISCONNECTING TERRITORY: EVIDENCE. Evidence, examined and set out in the opinion, *held* sufficient to support a finding that justice and equity require plaintiff's lands to be disconnected from the city of Rulo.

2. ——: ——. That part of section 4263, Comp. St. 1922, which reads: "The provisions of this section shall not apply to lands laid out into city or village blocks, lots and streets"—construed, and *held* to refer to conditions as existing at the time of bringing action to detach territory from a city or village, and that it does not operate to prevent the detaching of territory which had been platted and laid out into lots and blocks, when such plat had been vacated prior to bringing the action to detach territory.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Brogan, Ellick & Raymond,* for appellant.

*Sloan, Sloan & Keenan, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., TROUP, District Judge.

GOOD, J.

This action was brought under section 4263, Comp. St. 1922, to have certain tracts of land, aggregating 136 acres, detached from the corporate limits of the city of Rulo. The trial resulted in a decree detaching all except a minor part of the lands described, and defendant city has appealed.

The city of Rulo was incorporated in 1858 by a special act of the territorial legislature. The land in question is all owned by the plaintiff Edgecombe; the other plaintiffs are legal voters residing on the land. The lands were at one time platted either as a part of the original incorporated city or of one of its additions, but, while platted on paper, the streets and alleys have never been opened or worked, and for more than 40 years the lands

Edgecombe v. City of Rulo.

have been fenced and used exclusively for agricultural purposes. Prior to the commencement of this action, Edgecombe brought an action against the city in which it was enjoined from opening any of the streets in the land in question, and in that action plaintiff's title to the streets and alleys was quieted in him. The plat of plaintiff's land was vacated before this action was begun. No sidewalks or cross-walks penetrate or reach to the lands in question, and, while the city maintains an electric light plant, none of the lights or electric wires is nearer than 300 feet to any part of the premises. The city has a bonded debt of $6,000, still outstanding, for the electric light plant, and has voted bonds in the sum of $13,000 for the construction of a water plant, but which does not include any water-mains, the purpose being to assess the cost of mains against property abutting thereon when they are laid. The owner of the lands, while residing thereon, and his tenants, since he has been leasing the same, have traded at the stores, attended one of the churches, and sent their children to school in the city, and have made use of the streets, sidewalks, etc., in the business part of the city.

1. One of the provisions of the section (section 4263, *supra*) under which the action was brought is: "If the court find in favor of the petitioners, and that justice and equity require that such territory, or any part thereof, be disconnected from such city or village, it shall enter a decree accordingly." Defendant insists that the evidence does not warrant such a finding; that the proximity of the lands to the post office, church and school in Rulo, and because the occupants of the land are in a position to enjoy these privileges, because the bonds for the lighting plant and bonds for a water plant were voted while the land was inside the city limits, and because the residents thereon would have the benefit of city police protection, is sufficient to base a contrary finding to that made.

We cannot accept this view. So far as the post office,

church and school are concerned, they are not maintained by the city. The post office is maintained by the federal government, the school by state and district taxation, of which the landowner pays his proportion, whether within or without the city, and the church is supported by voluntary contributions of its members, but is not and could not be supported by the municipality. So far as the use of the streets and sidewalks is concerned, those are open to all who may have occasion to visit the city on business or pleasure. The land is benefited in no way other or different from any farm in close proximity to such a city. The police protection afforded by the city is negligible. By inference, it appears that the police force consists of a city marshal, and it does not appear that his services have been ever called for upon the lands in question in more than 40 years. While bonds have been issued and voted for public utilities during the time that the land has been in the city, it does not appear that the land or its occupants have received or will receive any substantial benefit therefrom. The evidence is ample to support the finding of the trial court.

2. Another provision of said section 4263 is: "The provisions of this section shall not apply to lands laid out into city or village blocks, lots and streets." Defendant argues that, under the rule laid down in *Sole v. City of Geneva,* 106 Neb. 879, wherein it is held: "When a privilege or right is conferred by statute, on certain prescribed conditions, and a party desiring to avail himself of such privilege or right brings action for the enforcement thereof, he must allege and prove all the facts that are essential to a strict compliance with the prescribed conditions"—the territory cannot be disconnected from the city. If the territory in question, at the time the action was brought, was laid out into city blocks, lots and streets, defendant's contention would be sound, but we think the provision of the statute quoted has reference to conditions existing at the time the action was brought, and not to a condition existing at some

previous date. The land disconnected was not, at the time the action was brought or at the time of entering the decree, laid out into blocks, lots and streets, and the provision of the statute is no bar to granting the relief prayed.

The decree is

AFFIRMED.