LAWRENCE E. KUEBLER ET AL., APPELLEES, V. CITY OF KEARNEY, APPELLANT.

39 N. W. 2d 415

Filed October 27, 1949. No. 32649.

*Kenneth H. Dryden,* for appellant.

*Blackledge & Sidner,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Appellees brought this action in the district court for Buffalo County for the purpose of having their lands disconnected from the city of Kearney. A decree was rendered in their favor finding that justice and equity required that each of the several tracts owned by appellees should be disconnected from the city of Kearney and it was so ordered. Its motion for new trial having been overruled, the city of Kearney perfected this appeal.

Appellees Bernard B. Bond and Dorothy May Bond are husband and wife and the owners, as joint tenants with right of survivorship, of a tract of approximately 53 acres of land lying in the northeast corner of the corporate limits of the city of Kearney. This land lies just west of and adjacent to the east corporate limits of the city and south and east of Grand Avenue. Grand Avenue is a graded and graveled street in the city of Kearney which was built and is now being maintained by the city. It enters the city at a point just south of the northeast corner of the city and then runs in a southwesterly direction for a distance of about a mile

until it intersects Twenty-fifth Street, which runs east and west. There is evidence to indicate that Grand Avenue has been renamed John J. Pershing Road but herein we shall refer to it as Grand Avenue since it is so referred to by the witnesses.

Appellees Lawrence E. Kuebler and Mildred Kuebler are husband and wife and the owners, as joint tenants with right of survivorship, of a tract of approximately 42 acres of land lying in the northeast corner of the corporate limits of the city of Kearney. This land lies to the south but somewhat west of the north corporate limits of the city but adjacent thereto and to the west and north of Grand Avenue.

Appellees George V. Segard and Arlene Segard are husband and wife and the owners, as joint tenants with right of survivorship, of a tract of approximately 16 acres of land lying in the northeast corner of the corporate limits of the city of Kearney. This land lies just south of and adjacent to the north corporate limits of the city and west and north of the Kuebler land and contiguous thereto.

The lands in these three tracts are agricultural in nature and used exclusively for that purpose by the owners thereof, except such part as is used for the location of the improvements constituting the farmstead on each tract. These farmsteads are occupied by the respective owners of each tract. While the several tracts are platted on paper the streets and alleys so platted have never actually been opened or worked, except that the Kuebler and Bond lands are divided by Grand Avenue. The whole area can be and is used exclusively for agricultural purposes.

Except for some five or six residences located along Thirty-fourth Street, which is located south but extends to the west of these properties, there has been no development of that part of the city of Kearney which lies to the south, west, and southwest of these three tracts and there is a considerable undeveloped area to

the south, west, and southwest therefrom. The residences above referred to are between these tracts and the fair grounds, which is located to the west thereof. This development took place many years ago as the record discloses there has been no recent building in this part of the city.

Just south of the Bond land and contiguous therewith is the property on which the buildings of the former Kearney Military Academy are located. This organization ceased to function many years ago and the site and buildings have since become the property of the Lutheran Hospital Association, which intends to use it for hospital purposes. Apparently it is being readied for that purpose but at the time of trial it does not appear that any work had actually been done to rehabilitate them.

The record discloses, with reference to the services of the city that are available to these premises or the occupants thereof, as follows: That no sewer is available; that no street lights have been erected on or adjacent thereto; that no city bus service serves this community; that there are no sidewalks; that city water is available to a part thereof but as a practical matter it would be too expensive to make connections therewith; that some fire protection is available from the fire hydrants in the area along Grand Avenue and the fire fighting equipment purchased and maintained by the city; that some police protection is provided by a patrol car which covers this area every night while checking the fair grounds and academy properties; that in part of this area better telephone rates and different classes of service are available to telephone patrons than is true of rural areas generally but this is not necessarily due to this area being within the corporate limits of the city; and that lower electrical rates and priority of service are available in this area to users of electricity because they were in the city when such rates were established.

It appears from the foregoing that the area of the

city herein involved has the benefit of only a few of the services provided by the city of Kearney.

This action is maintainable under section 16-110, R. S. 1943, which provides in part that: "If the court finds in favor of the petitioner or petitioners or any of them and that justice and equity require that such territory, or any part thereof, not less than twenty acres be disconnected from said city, it shall enter a decree accordingly." It is also maintainable at common law for as stated in Sole v. City of Geneva, 106 Neb. 879, 184 N. W. 900: "But the statute above referred to does not provide an exclusive remedy for disconnecting territory from a city or village. Such relief may on proper pleading and proof be granted by the district court in the exercise of the general chancery and common law powers conferred upon it by the Constitution. This power of the district court has been exercised heretofore and approved by this court. State v. Dimond, 44 Neb. 154; Village of Osmond v. Smathers, 62 Neb. 509; Village of Osmond v. Matteson, 62 Neb. 512." See Witham v. City of Lincoln, 125 Neb. 366, 250 N. W. 247.

And, as stated in Sole v. City of Geneva, *supra*: "It was necessary, therefore, only for the plaintiff to allege and prove that he was the owner and in possession of the tract of land, and to allege and prove such other facts as would show that it was inequitable to retain the territory within the corporate limits of the city."

As stated in Haney v. Village of Hyannis, 97 Neb. 220, 149 N. W. 405: "* * * the burden is upon the petitioner to establish by sufficient averments and evidence that justice and equity require that such territory be disconnected." See, also, Sole v. City of Geneva, *supra*.

As to just what it is necessary to allege and prove in order to have farm lands disconnected from a city or village has not been too clearly set forth in our previous holdings and necessarily must depend upon the facts of each case. In Bisenius v. City of Randolph, 82 Neb. 520, 118 N. W. 127, it was said: "It follows that in con-

struing section 8978, *supra,* it should be considered that whenever unplatted lands within the boundaries of, and adjacent to, the corporate limits of such city or village are so situated that they do not have that unity of interest with the platted portion hereof, justice and equity dictate that they should be excluded therefrom."

We have come to the conclusion that when an action is brought, either under a statute or at common law, to remove agricultural lands from within the corporate limits of a city or village, on the basis that justice and equity require that it be disconnected therefrom, it is sufficient to show that the lands sought to be removed have no unity or community of interest with such city or village and receive few, if any, benefits by reason thereof. See Lee v. City of Harvard, 146 Neb. 807, 21 N. W. 2d 696.

This court has often announced a rule in connection with our review of this type of case as follows: A decree of the district court finding that justice and equity require detachment of farm land from the boundaries of a municipal corporation will not be set aside unless it is clearly shown that the trial court made an important mistake of fact, or made an erroneous inference of fact or of law. This limitation of our review thereof was first announced in Michaelson v. Village of Tilden, 72 Neb. 744, 101 N. W. 1026, and most recently was quoted in Hustead v. Village of Phillips, 131 Neb. 303, 267 N. W. 919. This type of proceeding is equitable in its nature and comes within the provisions of section 25-1925, R. S. 1943, which requires that on appeal thereof to this court, with reference to findings of fact, we must: "* * * retry the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions, and upon trial de novo of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all of the evidence, without reference to the conclusion reached in the dis-

trict court or the fact that there may be some evidence in support thereof." Such being our duty under this statute, we shall retry the issues of fact without reference to or consideration of the conclusions reached by the trial court.

From a review of the record de novo we have come to the conclusion that these three tracts of land are exclusively agricultural in nature and have no unity or community of interest with the city of Kearney and, receiving but few benefits by reason of being within the corporate limits thereof, that justice and equity require that they be disconnected therefrom. We therefore affirm the decree of the lower court which so ordered.

AFFIRMED.