CLARENCE N. DAVIDSON ET AL., APPELLANTS, V. CITY OF RAVENNA, APPELLEE.

45 N. W. 2d 741

Filed January 26, 1951. No. 32842.

*Blackledge & Sidner,* for appellants.

*C. J. Mingus,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiffs brought this suit in the district court for Buffalo County to obtain a decree disconnecting their lands from the city of Ravenna. The trial court found against the plaintiffs and they appeal.

The plaintiff Davidson is the owner of an irregular tract of land lying in the northeast part of the city of Ravenna containing about 12 acres. The plaintiffs Ralph G. Hughes and Mildred L. Hughes are the owners of a rectangular tract in the northeast corner of the city containing about 27 acres. Approximately 30 feet of ground

on the east side of both tracts was previously acquired by the city for street purposes. The east line of the city is the east line of the street.

The suit was commenced in accordance with the provisions of section 17-414, R. S. Supp., 1949, which provides the method for disconnecting lands from cities of the second class of which the city of Ravenna is one. The pertinent part of this section provides: "If the court shall find in favor of the petitioners and that justice and equity require that such territory, or any part thereof, be disconnected from such city or village, it shall enter a decree accordingly." The question for determination is whether justice and equity require the disconnection of these two tracts, or either of them, from the corporate limits of the city of Ravenna. The case will be tried de novo in this court. Kuebler v. City of Kearney, 151 Neb. 698, 39 N. W. 2d 415.

The evidence shows that the Davidson lands here involved consist of two parts. One part is approximately the east one-half of Tax Lot 2 and is irregular in shape. It is used almost exclusively for pasturing livestock in connection with the use of the other part. The second part is referred to as Block 5, Motsick's Addition. The part of Block 5 belonging to Davidson consists of a rectangular tract, 1,458 feet in length and 250 feet in width, from which 380 feet had been sold off of the west end and the 30 feet heretofore mentioned from the east end. The record shows that Davidson had contracted to sell off an additional 240 feet at the time of trial. The part first sold off of the west end contained a residence fronting on Pavia Avenue, a paved street within the city of Ravenna. Immediately south of Block 5 are Blocks 1, 2, 3, and 4, numbered from east to west, which are separated from Block 5 by Syracuse Street. Block 5 is equal in length to Blocks 1, 2, 3, and 4 combined. This street is surfaced with cinders for a few hundred feet, after which it becomes a sandy, unimproved road. There are three houses, a small commercial building, and

the city pump house on Block 3. There are no houses on Block 2, and one house on Block 1. There is a frame cattle shed and a steel grain bin on the Davidson land on Block 5, in addition to corrals and feeding facilities for the handling of cattle. The evidence shows that the two tracts owned by Davidson were used mostly for holding cattle for short periods in connection with Davidson's ranching and cattle buying operations. Both tracts were used for a single general purpose. The city sewer lies 38 feet south of Davidson's land in Block 5. His property is connected to the city water system and a fire hydrant is located within 38 feet of his property. The city fire department is equipped to furnish fire protection to his property. The property is served with electric lights by the Consumers Public Power District from its distribution system in the city of Ravenna, with which it has a franchise. We think this evidence is adequate to sustain the finding of the trial court that these lands have a unity and community of interest with the city and are benefited thereby to such an extent that justice and equity do not require that they be disconnected from the city.

The evidence shows that the Hughes tract is wholly used for agricultural purposes, except that part in the southwest corner where the residence is located. The residence property is connected with the city water system and is furnished with electric lights from the Consumers Public Power District. The closest sewer line is one-half block west of the west line of the Hughes tract, the residence being about 150 feet east of the west boundary. The closest fire hydrant is one block west of the southwest corner of the property. There is no street along the west side of the Hughes property except for a very short distance at the south end. There is no demand for any part of the tract for residence lots or other city purposes. There is no evidence of the development or growth of the city in the general direction of this property. It is rural in character and its loca-

tion appears unfavorable to its development as an integral part of the city. An examination of all the evidence, including the photographs taken at various points on this acreage, convinces us that there is no community of interest between the property and the city of Ravenna. While it is true that the property is benefited by receiving the benefits of city water and electric lights, this is not necessarily a controlling factor. Other properties outside of the corporate limits receive similar benefits. But, considered as a whole, justice and equity require that the Hughes tract be disconnected from the city.

The judgment of the trial court denying the relief sought by the plaintiff Davidson is affirmed. That part of the judgment denying relief to the plaintiffs Hughes is reversed and the cause remanded to the district court with instructions to disconnect the Hughes property, as described in the petition, from the city of Ravenna in the manner provided for by section 17-414, R. S. Supp., 1949.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.