GEORGE G. RUNYAN, APPELLANT, v. VILLAGE OF ONG, CLAY COUNTY, NEBRASKA, APPELLEE.

47 N. W. 2d 97

Filed March 30, 1951. No. 32925.

*John A. Bottorf,* for appellant.

*S. W. Moger,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff brought this suit in the district court for Clay County to obtain a decree disconnecting certain lands from the village of Ong. The trial court found for the village and the plaintiff appeals.

The plaintiff is the owner of a tract of land lying in the southeast corner of the village, containing 11.97 acres. The suit was commenced under the provisions of section 17-414, R. S. Supp., 1949, which provides that if justice and equity require that such territory, or any part thereof, be disconnected from such village, the court shall enter a decree accordingly. The case is for trial de novo in this court. Kuebler v. City of Kearney, 151 Neb. 698, 39 N. W. 2d 415; Davidson v. City of Ravenna, 153 Neb. 652, 45 N. W. 2d 741.

The evidence shows that plaintiff's land lies south of and adjoins the Burlington railroad right-of-way on the north. The east and south boundaries constitute the corporate limits of the village in that area. The plaintiff's land is bounded on the west by a highway which is the main street of the village extended to the south. The buildings on the property are on the southeast corner of the tract, at least 1,000 feet distant from any

building in the direction of the village of Ong. The land not occupied by the buildings is used exclusively for pasture. It has never been platted or subdivided. It has always been used for purely agricultural purposes. The business section of the village is north of the railroad. There are no business places south of the railroad right-of-way. There are only three residences · south of the railroad right-of-way that are within the village limits and all are along the east and west road almost a quarter of a mile south of the railroad right-of-way. The record shows that the population of the village is approximately 190, and that no reason can be foreseen for any extended growth. There is no tendency toward business or residential development south of the railroad. There are many vacant lots in the business section of the village and ample space for any contemplated residential needs.

There is evidence that the village has maintained the roads on the west and south of plaintiff's tract in conjunction with the township. There is a street light near the southwest corner of plaintiff's tract and another near the northwest corner. Electric energy is supplied to plaintiff's residence by the Consumers Public Power District. The village maintains a volunteer fire department and a part-time village marshal. The police and fire protection afforded is negligible. It is plain from the record that plaintiff's land receives no more benefits from them than do adjoining agricultural lands not within the corporate limits of the village. The village has no water or sewer systems. No sidewalks have been built south of the railroad right-of-way. The real estate taxes on the tract for the current year were $9.08. The personal taxes paid are not shown by the record.

We think the evidence shows that the plaintiff's tract is rural in character and that its location makes it unfavorable for development as an integral part of the village. The evidence clearly shows that there is no

unity or community of interest between the property and the village. We fail to find any evidence of any material benefit accruing to this land by reason of its being within the village. Consequently we conclude that justice and equity require that it be disconnected from the village. The result is controlled by that part of the opinion dealing with the Hughes tract in the case of Davidson v. City of Ravenna, *supra*.

Where it is shown that the lands sought to be disconnected from a village have no unity or community of interest with the village and receive few, if any, benefits therefrom, justice and equity require their disconnection from such village. Kuebler v. City of Kearney, *supra;* Davidson v. City of Ravenna, *supra.* The fact that the land involved is benefited in no other or different way from other farm lands in close proximity to such village is a pertinent fact to be considered. Edgecombe v. City of Rulo, 109 Neb. 843, 192 N. W. 499. It is fundamental, also, that a municipality may not retain strictly farm lands within its boundaries solely for revenue purposes. Hustead v. Village of Phillips, 131 Neb. 303, 267 N. W. 919.

We conclude that a proper application of the foregoing principles to the facts shown by the record requires a finding that plaintiff is entitled to the relief sought. The judgment is reversed and the cause remanded to the district court with directions to disconnect plaintiff's lands, as described in the petition, from the village of Ong, in the manner provided for by section 17-414, R. S. Supp., 1949.

REVERSED AND REMANDED WITH DIRECTIONS.

MESSMORE, J., participating on briefs.