EDGAR EGAN ET AL., APPELLANTS, IMPLEADED WITH JAMES
P. GALYEN ET AL., APPELLEES, V. VILLAGE OF MEADOW
GROVE, NEBRASKA, APPELLEE.

66 N. W. 2d 425

Filed October 22, 1954. No. 33545.

*Hutton & Hutton,* for appellants.

*Mapes & Mapes,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Edgar Egan, Virgie Egan, Lawrence Motz, Jessie Motz, James P. Galyen, and Ida Mae Galyen brought this action in the district court for Madison County against the Village of Meadow Grove. The purpose of the action was to detach certain lands owned by them from the village. The original action related to several tracts consisting of about 66 acres located in the southwest corner of the incorporated village. All but two of these tracts were ordered detached: Namely, tax lot No. 7 consisting of 3.11 acres and tax lot No. 15 consisting of 3.08 acres. Thereupon the Egans and the Motzes, being the owners of the lands not ordered detached, filed a motion for new trial and have appealed from the overruling thereof. The village has neither appealed nor

cross-appealed from the order detaching the other tracts.

Section 17-414, R. R. S. 1943, provides in part as follows: "If the court shall find in favor of the petitioners and that justice and equity require that such territory, or any part thereof, be disconnected from such city or village, it shall enter a decree accordingly."

However, as stated in Sole v. City of Geneva, 106 Neb. 879, 184 N. W. 900: "* * * the statute above referred to does not provide an exclusive remedy for disconnecting territory from a city or village. Such relief may on proper pleading and proof be granted by the district court in the exercise of the general chancery and common law powers conferred upon it by the Constitution. This power of the district court has been exercised heretofore and approved by this court. State v. Dimond, 44 Neb. 154; Village of Osmond v. Smathers, 62 Neb. 509; Village of Osmond v. Matteson, 62 Neb. 512." See, also, Kuebler v. City of Kearney, 151 Neb. 698, 39 N. W. 2d 415.

"When an action is brought, either under a statute or at common law, to remove agricultural lands from within the corporate limits of a city or village on the basis that justice and equity require that it be disconnected therefrom and appeal is taken from a final decree rendered therein, the same is reviewable under the provisions of section 25-1925, R. S. 1943, and it will be here tried de novo." Kuebler v. City of Kearney, *supra*. See, also, Runyan v. Village of Ong, 154 Neb. 127, 47 N. W. 2d 97; Swanson v. City of Fairfield, 155 Neb. 682, 53 N. W. 2d 90.

"In an action to disconnect territory from a city, the burden is upon the petitioner to establish by sufficient evidence that justice and equity require that such territory be disconnected." Lee v. City of Harvard, 146 Neb. 807, 21 N. W. 2d 696.

"Where the evidence shows that lands within the corporate limits of a city of the second class are agricultural in nature and have no unity or community of

interest with the city, and that justice and equity require that they be disconnected therefrom, a court of equity is empowered by section 17-414, R. S. Supp., 1949, to disconnect such lands from the city." Davidson v. City of Ravenna, 153 Neb. 652, 45 N. W. 2d 741.

Tax lots Nos. 7 and 15 lie just north of the Chicago and North Western Railway Company's 100-foot right-of-way. The two lots are contiguous, lot No. 7 lying east of lot No. 15. The Egans are the owners of tax lot No. 7 and that part of tax lot No. 15 lying east of Buffalo Creek. The Motzes own that part of tax lot No. 15 lying to the west of Buffalo Creek. These two tax lots form an area 990 feet long on the north side, 118 feet wide on the west side, 406.5 feet wide on the east side, and are bounded on the south by the railroad right-of-way which runs slightly northwest-southeast. The length of the south side is not shown. To the north and west of this area is unplatted land belonging to Bryan Sparr, to the east is a platted area referred to as West Meadow Grove Addition, and to the south is the 100-foot right-of-way of the railroad. All of the areas referred to as surrounding tax lots Nos. 7 and 15 are within the corporate limits of the village.

In this situation our holding in Jones v. City of Chadron, 156 Neb. 150, 55 N. W. 2d 495, is controlling. Therein we said it is indispensable to the maintenance of an action to detach lands from a village or city that the territory sought to be detached is within the municipality and that a substantial part of the boundary thereof is adjacent to a part of the boundary of the village. Adjacent as here used means contiguous or coexistent with.

In view of the foregoing we do not discuss other issues raised. The action of the district court is affirmed.

AFFIRMED.