SHELTON GRAIN AND SUPPLY CO., A CORPORATION, APPELLANT, V. VILLAGE OF SHELTON, APPELLEE.

134 N. W. 2d 815

Filed April 30, 1965. No. 35895.

Andrew J. McMullen, for appellant.

Dier & Ross, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

Plaintiff brought this suit in the district court for Buffalo County to obtain a decree disconnecting its lands described in its petition from the village of Shelton. The trial court found against the plaintiff and it appeals.

The plaintiff Shelton Grain and Supply Co., a corporation, is the owner of 11.635 acres of land within the east limits of the village. It is bounded on the east by the east line of Buffalo County, on the south by the Union Pacific Railroad right-of-way, and on the north by U. S. Highway No. 30. The north and south boundary lines of the property come together at a point 1,567.8 feet west of the eastern limits of the village. The tract is a very irregular cone-shaped area which has a common boundary with the eastern limits of the village for a distance of 589.8 feet. The cone-shaped tract points in the direction of the business center of the village, its north and south boundary lines converging at the point heretofore mentioned.

The applicable statute provides in part: "Whenever a majority of the legal voters residing on any territory

within and adjacent to the corporate limits of any city or village, or the owner or owners of any unoccupied territory so situated, shall desire to have the same disconnected therefrom, they may file their petition in the district court of the county in which such city or village is situated praying that such territory be detached therefrom. * * * If the court shall find in favor of the petitioners and that justice and equity require that such territory, or any part thereof, be disconnected from such city or village, it shall enter a decree accordingly." § 17-414, R. R. S. 1943.

In an action for the disconnection of lands from a city or village under section 17-414, R. R. S. 1943, the decree of the district court is reviewable in this court under the provisions of section 25-1925, R. R. S. 1943, and it will be tried in this court de novo. Kuebler v. City of Kearney, 151 Neb. 698, 39 N. W. 2d 415.

The east end of the tract is occupied by three grain storage bins belonging to the plaintiff. Its principal business is the storing and drying of government corn, although it buys and sells corn in limited amounts. The largest of the grain storage bins is 460 feet long, the other two being of lesser length. There is an office building and a scale east of the largest storage bin. The manager is the only permanent employee, but three other employees are used in the busy season. The only ingress to the tract is by two roads entering from the north-south county road on the east of the tract. The lands west of the grain storage bins have been used for the growing of corn. There is no access to the tract from the railroad right-of-way or the controlled access highway on the north.

It is the contention of the plaintiff that the tract is used exclusively for agricultural purposes and that it receives few or no benefits from the village. Plaintiff's evidence shows that village water mains and sewers do not extend to any part of the tract, that there is no village street connecting it with the village, that it re-

ceives no snow removal, police, or fire protection services from the village, and that it is geographically separated from the village by the highway and the railroad right-of-way.

The village contends that plaintiff built the grain storage bins on the tract when it was a part of the village and that it has received benefits from the village since that time. The evidence shows that the village marshall patrols the area where the buildings are located. It points out without dispute that plaintiff has never requested water, sewer, or snow removal service. It has equipment to afford fire protection and will do so if needed. Plaintiff obtains its electrical energy from the same distributor as does the village. There has been some business development near the west end of the tract, but, like other small villages, such development has not been great. There is a residence area beginning about 200 feet south of the railroad right-of-way. There has been some business development along the railroad right-of-way. There is a beet dump, an alfalfa mill, and a bulk oil and gas storage facility within the village limits. A witness, who is a stockholder and director in the plaintiff corporation, testified there are no streets entering the tract, but none are needed, and any attempt to build them would be opposed by the plaintiff. No sidewalks have been built in the area. The west end of the tract is within 1,375 feet of the public school and 4 or 5 blocks from the business center of the village. The village points out that the disconnection of the tract would unduly disrupt the limits of the village by excluding the long, narrow tract from the otherwise compact limits of the village as presently established.

The record shows that the grain storage bins are served by a commercial track of the railroad which is within the limits of the village. We point out also that the village of Shelton primarily serves as the focal center of a farming area and is the center of farm activities in the community. Plaintiff's business operations are

benefited by this centralization of community interest. We think the operation of the grain storage bins is a commercial enterprise which dissipates the conclusion that the 11.635 acres of land are used exclusively for agricultural purposes. The growth of the village, although not great, is in the direction of this acreage. We are of the opinion also that the resulting detachment of plaintiff's lands would unduly disarrange the compactness of the village's corporate limits, a matter of importance in a case of this kind, even though not a controlling factor. We find that there is sufficient community of interest between the 11.635 acres and the village to sustain their retention within the corporate limits of the village.

We conclude that the finding of the trial court that justice and equity do not require the disconnection of the 11.635 acres of land from the village is sustained by the evidence. The reasoning of the following cases supports the conclusion reached: Runyan v. Village of Ong, 154 Neb. 127, 47 N. W. 2d 97; Davidson v. City of Ravenna, 153 Neb. 652, 45 N. W. 2d 741; Kuebler v. City of Kearney, *supra*.

AFFIRMED.