M. William Dugan, Sr., also known as Bill Dugan, Sr., and Mary E. Dugan, appellants, v. Village of Greeley, Nebraska, appellee.

295 N. W. 2d 115

Filed July 29, 1980. No. 42821.

Donald R. Treadway for Brower, Treadway & Bird, P.C., for appellants.

Donald H. Weaver and Harold E. Connors of Harold E. Connors & Charles R. Maser, for appellee.

Heard before Boslaugh and McCown, JJ., and Colwell, Kneifl, and Whitehead, District Judges.

Kneifl, District Judge.

Plaintiffs brought this action to have 27.2 acres of their land, located in the Village of Greeley, Greeley County, Nebraska, disconnected therefrom. The trial court denied the prayer of the plaintiffs' petition and plaintiffs appealed. We affirm.

The plaintiffs, M. William Dugan, Sr., also known as Bill Dugan, Sr., and Mary E. Dugan, are the owners of a tract of land located to the south and south-

east of the Village of Greeley, part of which acres is located within the corporate limits of the Village. The property is bound on the north and west by Village streets and to the east by the eastern boundary of the Village. The Village streets on the north and west are blacktop and the county road on the east is gravel. The Village water, sewer, electricity, gas, and fire and police protection are in use or are available to the said property and it is evidenced in the record, although in conflict, that the Village is developing toward the south part of town. Some of the 27.2 acres is platted.

This suit was commenced in accordance with the provisions of Neb. Rev. Stat. § 17-414 (Reissue 1977). It provides the method for disconnecting land from villages. The decree of the District Court is reviewable under the provisions of Neb. Rev. Stat. § 25-1925 (Reissue 1979) and is tried in this court de novo. *Kuebler v. City of Kearney,* 151 Neb. 698, 39 N.W.2d 415 (1949); *Shelton Grain & Supply Co. v. Village of Shelton,* 178 Neb. 695, 134 N.W.2d 815 (1965).

It is the contention of the plaintiffs that the 27.2 acres are exclusively agricultural with no residences on them; that the land is serviced by a pivot irrigation system; that the Village streets do not extend through the land; that the streets near the land in question have no curbs or gutters; that the detachment of the land will not damage the compactness of the Village corporate limits; that the plaintiffs gain no benefits from the Village; and that the land, because of its location in the Village corporate limits, is taxed at a higher rate than other agricultural land in the vicinity.

In *Shelton Grain & Supply Co. v. Village of Shelton, supra,* this court set forth the elements to consider in order to determine whether or not equity and justice required a disconnection of land from a city or village. Those standards are conclusions reached in *Runyan v. Village of Ong,* 154 Neb. 127, 47

N.W.2d 97 (1951); *Davidson v. City of Ravenna,* 153 Neb. 652, 45 N.W.2d 741 (1951); and *Kuebler v. City of Kearney, supra.*

Those elements are stated in *Shelton Grain & Supply Co. v. Village of Shelton:*

> In determining whether or not justice and equity require disconnection of lands from a city or village, the court may properly consider if the lands are exclusively agricultural, the existence or nonexistence of a unity or community of interest with such city or village, the benefits, if any, received from the city or village, and the effect upon the compactness of the city or village by the resulting change of its corporate limits.

(Syllabus of the court.)

The Village contends and the record substantiates that the lands are not exclusively agricultural; that there are grain bins built on the west side of the tract desired disconnected, which are suitable for a commercial operation; that further development is proceeding in that direction; that the land has been in the Village since its incorporation in 1887; that the land is bound on the north and west by blacktop road and on the east by a gravel road; and that residences extend out of the Village limits on the southwest; all of which show that the lands are not used exclusively for agricultural purposes and there is an existence of unity or community of interest between the tract of land and the Village. The tract is provided with electricity from the Village. The tract is also provided police protection and sewer and water are available to the area and provided to adjoining land owned by the plaintiffs. Curb and gutter may be installed on the tract by the formation of districts. A gas pumping station is located on the requested disconnected tract and natural gas is available to the said tract.

The growth of the Village is to the south and to de-

tach the requested tract would have a definite effect on the compactness of the Village. The record shows that it is commonplace for land located within the corporate limits of Villages, while not in immediate use for business or residential property, to be farmed. Such a request as plaintiffs have made would certainly have an economic impact upon the Village.

We are of the opinion, based upon the record, that the land requested disconnected is not exclusively agricultural; that it receives benefits and benefits are available from the Village; that there is a sufficient unity or community of interest between the tract and the Village; and that to detach the said land would have an adverse effect upon the compactness of the Village.

We conclude that the finding of the trial court that justice and equity do not require the disconnection of the 27.2 acres of land from the Village is sustained by the evidence and the reasoning of the following cases supports the conclusions reached: *Shelton Grain & Supply Co. v. Village of Shelton, supra; Runyan v. Village of Ong, supra; Davidson v. City of Ravenna, supra;* and *Kuebler v. City of Kearney, supra.*

AFFIRMED.

BOSLAUGH, J., concurring.

I concur in the judgment of the court. On the assumption that we can consider only whether the entire 27.2 acres should be detached, the decision is correct. See *Wagner v. City of Omaha,* 156 Neb. 163, 55 N.W.2d 490 (1952).